1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Nicole S. Dunn, Esq., SBN 213550
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA 92660
   Telephone: (949) 477-5050; Facsimile: (949) 477-9200
5  ndunn@wrightlegal.net
6
7  Attorneys for Defendants, Specialized Loan Servicing, LLC and U.S.
   Bank National Association as Trustee Relating To Chevy Chase Funding LLC
8  Mortgage Backed Certificates Series 2007-2
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  GARY KOLLER, an individual, and        ) Case No.:   SACV14-00031-JVS(JPRx)
    CYNTHIA KOLLER, an individual;         )
14                                         )
15                  Plaintiffs,            ) **NOTICE OF MOTION AND**
                                           ) **MOTION TO DISMISS**
16           vs.                           ) **PLAINTIFFS' COMPLAINT FOR**
                                           ) **FAILURE TO STATE A CLAIM**
17                                         ) **AND/OR TO STRIKE PORTIONS**
                                           ) **OF THE COMPLAINT**
18  SPECIALIZED LOAN SERVICING,            )
    LLC, a Delaware Limited Liability      ) **[FRCP Rule 12(b)(6), (f)]**
19  Company; B.F. SAUL MORTGAGE            )
    COMPANY, a Maryland Limited            ) DATE:   March 3, 2014
20  Liability Company; U.S. BANK           ) TIME:   1:30 p.m.
21  NATIONAL ASSOCIATION AS                ) CTRM:   10C
    TRUSTEE RELATING TO CHEVY              )
22  CHASE FUNDING LLC                      ) Complaint filed: November 7, 2013
23  MORTGAGE BACKED                        )
    CERTIFICATES SERIES 2007-2;            ) *[Filed Concurrently with Request for*
24  LAW OFFICES OF LES ZIEVE; and          ) *Judicial Notice in Support Thereof]*
25  all persons or entities unknown        )
26  claiming any legal or equitable right, )
    title, estate, lien or interest in the )
27  property described in this complaint   )
28  adverse to Plaintiffs title thereto, and )

                                    -1-

1  DOES 1 through 25, inclusive,                          )
2                                                         )
3                          Defendants.                    )
                  _____                )

### TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:

**PLEASE TAKE NOTICE** that on March 3, 2014, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 10C of the above-entitled Court, Defendants, SPECIALIZED LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE RELATING TO CHEVY CHASE FUNDING LLC MORTGAGE BACKED CERTIFICATES SERIES 2007-2, (hereinafter "Defendants") will move the court to dismiss the action pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) because Plaintiffs' Complaint fails to state a claim upon which relief can be granted.  Such motion will be brought on the grounds that, after reviewing the non-conclusive allegations of the Complaint, Plaintiffs have failed to plead the essential facts which give rise to their claims and/or the claims are barred on their face and/or as a result of matter which may properly be judicially noticed by the Court.

**PLEASE TAKE FURTHER NOTICE** that, in addition to the above, Defendant will alternatively move this Court pursuant to FRCP Rule 12(f) for an Order striking the following:

1. Paragraph 58, in its entirety;
2. Paragraph 109, in its entirety;
3. Paragraph 118, in its entirety;
4. Paragraph 132, in its entirety;
5. Paragraph 142, in its entirety;
6. Prayer 4 in its entirety.

Defendants move to strike requests for punitive damages on the grounds that Plaintiffs' claims are insufficiently pled and inapplicable to the facts of this action.

-2-

MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM
AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

1    The motion will be based on this Notice of Motion and Motion, the

2    Memorandum of Points and Authorities attached hereto, the Request for Judicial

3    Notice, and the pleadings and papers filed herein. This motion is also brought

4    following a meet and confer on December 31, 2013, in accordance with *Civil Local*

5    *Rule* 7-3, which did not resolve the issues brought by this motion.

6

7                                                      Respectfully submitted,

8    Dated:  January 15, 2014                          WRIGHT, FINLAY & ZAK, LLP

9

10                                         By:    */s/ Nicole S. Dunn*
                                                  _____
11                                                T. Robert Finlay, Esq.
                                                  Nicole S. Dunn, Esq.
12                                                Attorneys Defendants, Specialized
                                                  Loan Servicing, LLC and U.S.
13                                                Bank National Association as Trustee
14                                                Relating To Chevy Chase Funding
                                                  LLC Mortgage Backed Certificates
15                                                Series 2007-2
16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM
AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

# TABLE OF CONTENTS

Page No.

I.   STATEMENT OF FACTS..............................................................1

II.  DISCUSSION.............................................................................2

   A.   The Standard Applied To Ruling to A Motion to Dismiss..............2

   B.   Plaintiffs' Entire Action Fails for Not Joining Indispensable
        Parties...............................................................................2

   C.   The First Claim for Fraud in Loan Origination and Sixth
        Claim for Negligence in Loan Origination Fail Because US
        Bank and SLS Were Not Involved in Loan Origination and
        The Claims are Time-Barred....................................................3

   D.   The Second Claim for Fraud in Loan Servicing Fails Because
        it is Contradicted by the Allegations and Insufficiently Pled..........4

   E.   Plaintiffs' Third Claim for Violation of the Bus. & Prof. Code
        §17200 Fails Because it is Not Plead with Particularity.................6

   F.   The Fourth Claim for Violation of HOBR (Civil Code
        §2923.6) Fails Because it was not Enacted at the Time the
        NOD and NOS were Recorded and Plaintiffs' Second Loan
        Modification Was Denied.......................................................10

   G.   The Fifth Claim for Wrongful Foreclosure Fails Because it
        is Insufficiently Pleaded and Fatally Relies on Meritless
        Legal Theories....................................................................11

   H.   The Seventh Claim for Negligence in Loan Servicing and
        the Tenth Claim for Negligent Interference with Prospective
        Economic Advantage Fail Because Defendants Owe No Duty
        of Care to Plaintiffs.............................................................14

I.   The Eighth Claim for Unjust Enrichment Fails Because it is Not a Valid Claim and No Facts Allege that Defendants Obtained an Unjust Benefit............................................................16

J.   The Intentional Interference with Prospective Economic Advantage Claim Fails Because There Was No Actionable Economic Harm ...........................................................................17

K.   The Claim for "Reformation of a Fraudulent Contract and Restitution" Fails Because it is Time-Barred, No Alternative Agreements Exist and the Loan and Deed of Trust are Not Unconscionable ..............................................................................18

L.   Plaintiffs' Quiet Title Claim Fails as no Tender is Alleged and Plaintiffs' Claim to Title is Invalid .........................................21

M.   Plaintiffs' Claim for Declaratory Relief Fails Because it Improperly Seeks to Redress Past Wrong and is Duplicative .......22

III.   COURT MAY STRIKE ALLEGATIONS THAT ARE IMMATERIAL OR IMPERTINENT .......................................................23

IV.   CONCLUSION..................................................................................25

1

## **TABLE OF AUTHORITIES**

2
Page No.

3
**Cases**

4
*24 Hour Fitness, Inc. v. Superior Court*

5
    (1998) 66 Cal.App.4th 1199, 1213.................................................21

6
*Amer. Home Ins. Co. v. Travelers Indem. Co.*

7
    (1981) 122 Cal. App. 3d 951, 961 ..............................................19

8
*Aniel* v. *GMAC Mortg., LLC*

9
    2012 WL 5389706 at*4 (N.D.Cal. Nov. 2, 2012)........................12

10
*Appalachian Ins. Co. v. McDonnell Douglas Corp.*

11
    (1989) 214 Cal. App. 3d 1, 19 ...................................................19

12
*Argueta v. J.P. Morgan Chase*

13
    2011 WL 2619060 (E.D.Cal., 2011) .............................................8

14
*Ashcroft v. Iqbal*

15
    129 S.Ct. 1937, 1949 (2009) .......................................................2

16
*Balistreri v. Pacifica Police Department*

17
    901 F.2d 696, 699 (9th Cir. 1990)...............................................2

18
*Ball v. FleetBoston Financial Corp.*

19
    (2008) 164 Cal.App.4th 794, 800 ..............................................23

20
*Batt v. City and County of San Francisco*

21
    (2007) ..........................................................................................23

22
*Beatrice Co. v. State Bd. of Equalization*

23
    (1993) 6 Cal.4th 767 ....................................................................3

24
*Bell Atlantic Corp. v. Twombly*

25
    127 S. Ct. 1955, 1965 (2007) .......................................................2

26
*Bello v. Chase Home Finance*

27
    2011 WL 133351 (S.D. Cal. 2011) ............................................12

28

-iii-

*Binder v. Gillespie*

    184 F.3d 1059, 1067 (9th Cir. 1999)..................................................12

*Boza v. Us. Bank Nat. Ass'n*

    2013 WL 5943160 *5 (C.D. Cal. Oct. 28, 2013)..............................12

*Brousseau v. Jarrett*

    (1977) 73 Cal.App.3d 864, 872.........................................................24

*Bukhari v. T.D. Serv. Co.*

    2010 WL 2762794 at *5 (D.Nev. 2010).............................................12

*Cal. Grocers Ass'n v. Bank of Am.*

    (1994) 22 Cal.App.4th 205, 217........................................................20

*Campbell v. Republic Indem. Co. of America*

    149 Cal. App. 2d 476, 479-80 (1957) ...............................................19

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*

    973 P.2d 527, 540 (Cal. 1999) ...........................................................7

*Chabner v. United of Omaha Life Ins. Co.*

    225 F.3d 1042, 1048 (9th Cir. 2000)...................................................7

*Commodore Home Systems, Inc. v. Sup.Ct.*

    (1982) 32 Cal.3d 211, 214-215 ........................................................24

*Conder v. Home Sav. of America*

    2010 WL 2486765, at *3 (C.D.Cal. 2010)...........................................4

*Copesky v. Superior Court*

    229 Cal. App. 3d 678, 694 (1991 .....................................................16

*Das v. Bank of America, N.A.*

    (2010) 186 Cal. App. 4th 727, 740....................................................15

*Degelman v. Advanced Med. Optics, Inc.*

    659 F.3d 835, 839 (9th Cir.2011).......................................................9

*Discover Bank v. Superior Court*

    (2005) 36 Cal.4th 148, 160...............................................................20

*Diunugala* v. *JP. Morgan Chase Bank, NA.*
   2013 WL 5568737 at *8 (S.D.Cal. Oct. 3, 2013)...................................................12

*Douglas Aircraft Co. v. Cranston*
   (1962) 58 Cal. 2d 462.........................................................................................10

*Durell v. Sharp Healthcare*
   (2010) 183 Cal.App.4th 1350, 1370...............................................................16

*Erlich v. Menezes*
   (1999) 21 Cal.4th 543, 552-554 ......................................................................16

*Estate of Anderson*
   (1997) 60 Cal.App.4th 436, 442.........................................................................4

*Evangelatos v. Superior Court*
   (1988) 44 Cal.3d 1188, 1207- 1210 ................................................................10

*Fantasy, Inc. v. Fogerty*
   (9th Cir. 1993) 984 F.2d 1524, 1528................................................................23

*First Nationwide Sav. v. Perry*
   (1992) 11 Cal.App.4th 1657, 1662-1663 ........................................................17

*Fogerty v. Fantasy, Inc.*
   (1994) 510 U.S. 517 .........................................................................................23

*Fontenot v. Wells Fargo Bank, N.A.*
   198 Cal.App.4th 256, 271-72 (2011) ..............................................................12

*G.D. Searle & Company v. Sup. Ct.*
   (1975) 49 Cal.App.3d 22..................................................................................24

*Gen. of America Ins. Co. v. Lilly*
   (1968) 258 Cal.App.2d 465, 470......................................................................23

*Gilbert* v. *Chase Home Fin., LLC*
   2013 WL 2318890 at *3 (E.D.Cal. May 28, 2013)........................................12

*Gomes v. Countrywide Home Loans, Inc.*
   (2011) 192 Cal.App.4th 1149, 121 Cal.Rptr.3d 819......................................13

-v-

*Gutter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
  664 F.2d 1194, 1196 (6th Cir.1981)............................................................12

*Hafiz v. Greenpoint Mortg. Funding, Inc.*
  652 F.Supp.2d 1039, 1043 (N.D.Cal., 2009) ........................................13

*Herrera v. Fed. Nat'l Mortg. Ass'n*
  205 Cal.App.4th 1495, 1506 (2012)..................................................12

*Hubbard v. Fidelity Fed. Bank*
  91 F.3d 75, 79 (9th Cir.1996)..............................................................4

*Humboldt Savings Bank v. McCleverty*
  (1961) 161 Cal. 286..........................................................................22

*Ivey v. Board of Regents*
  673 F.2d 266, 268 (9th Cir. 1982)....................................................2

*Jenkins* v. *JP Morgan Chase Bank, NA.*
  (2013) 216 Cal.App4th 497..............................................................12

*Jensen v. Quality Loan Serv. Corp.*
  702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010)..................................7

*Jogani v. Superior Court*
  (2008) 165 Cal.App.4th 901, 911....................................................16

*Kearns v. Ford Motor Co.*
  567 F.3d 1120, 1124 (9th Cir., 2009)............................................5

*Kelley v. Mortgage Electronic Registration*
  642 F.Supp.2d 1048, 1057 (N.D.Cal.2009) ..................................21

*Khoury v. Maly's of California*
  14 Cal. App. 4th 612, 619, (1993)..................................................7

*Kim v. Sumitomo Bank of Cal.*
  (1993) 17 Cal.App.4[th] 974, 978-980 ..........................................16

*Ladd v. County of San Mateo*
  (1996) 12 Cal. 4th 913, 917............................................................14

-vi-

*Lane v. Davis*
    172 Cal. App. 2d 302, 309 (1959)..................................................19

*Lane v. Vitek Real Estate Industries Group*
    (E.D. Cal., 2010) 713 F. Supp. 2d 1092, 1099..........................13

*Lazar v. Superior Court*
    12 Cal.4th 631, 645 (1996).............................................................5

*Levine v. Blue Shield of California*
    (2010) 189 Cal.App.4th 1117,1138.............................................16

*Mabry v. Superior Court*
    (2010) 185 Cal.App.4th 208, 231..................................................8

*Magallanes v. Sup. Ct.*
    (1985)167 Cal.App.3d 878, 889...................................................24

*Manown v. Cal-Western Reconveyance Corp.*
    2009 WL 2406335 at *6.................................................................21

*Marin Storage &Trucking, Inc. v. Benco Contracting*
    (2001) 89 Cal.App.4th 1042, 1049.................................................4

*McCarthy v. Mayo*
    827 F.2d 1310, 1316 (9th Cir. 1987).............................................2

*Millyard v. Faus*
    (1968) 268 Cal. App. 2d 76..........................................................22

*Morris v. BMW of N. Am., LLC*
    2007 WL 3342612, at *3 (N.D. Cal. 2007)...................................5

*North American Chemical Co. v. Sup. Ct.*
    (1997) 59 Cal.App.4th 764, 786..................................................15

*Nymark v. Heart Fed. Savings & Loan Ass'n.*
    (1991) 231 Cal. App. 3d 1089, 1092 1096............................6, 15

*Oas v. Bank of America, N.A.*
    (2010) 186 Cal. App.4th 727,740-741 .......................................15

1   *Oella Penna v. Toyota Motor Sales, U.S.A., Inc.*
2       (1995) 11 Cal.4th 376, 392-393 .................................................................17
3   *Onofrio v. Rice*
4       (1997) 55 Cal.App.4th 413..........................................................................21
5   *Osei v. GMAC Mortg.*
6       2010 WL 2557485, at *4 (E.D. Cal. June 21, 2010).............................15
7   *Parcray v. Shea Mortg. Inc.*
8       2010 WL 1659369, at *11-12 ..........................................................11, 14
9   *Patel v. Mortgage Electronic Registration Systems, Inc.*
10      2013 WL 4029277 (N.D.Cal. Aug. 6, 2013).............................................12
11  *Paulus v. Bob Lynch Ford, Inc.*
12      (2006) 139 Cal. App. 4th 659, 676-677 ...................................................7
13  *Perlas v. GMAC Mortg., LLC*
14      (2010) 187 Cal.App.4th 429, 434..........................................................5, 8
15  *Peterson v. Cellco P'ship*
16      (2008) 164 Cal.App.4th 1583,1593...........................................................17
17  *Price v. Wells Fargo*
18      (1989) 213 Cal.App.3d 465.........................................................................16
19  *Puentes v. Wells Fargo Home Mortg., Inc.*
20      (2008) 160 Cal.App.4th 638.........................................................................8
21  *Ragland v. U.S. Bank, N.A.*
22      (2012) 209 Cal.App.4th 182, 207.............................................................16
23  *Ray v. Alad Corp.*
24      (1977) 19 Cal.3d 22, 28................................................................................3
25  *Robertson v. Dean Witter Reynolds, Inc.*
26      749 F.2d 530, 533-534 (9th Cir. 1984) ...................................................2
27  *Robinson Helicopter Co., Inc. v. Dana Corp.*
28      (2004) 34 Cal. 4th 979, 993.........................................................................5

*Robinson v. Countrywide Home Loans, Inc.*
  199 Cal. App. 4th 42, Cal. Rptr. 3d, 2011 WL 4012207 at *2 (Sept. 12, 2011) .13

*Roque v. Suntrust Mortg., Inc.*
  2010 WL 546896, *4 (N.D.Cal., 2010)................................................................11

*Rosales v. Citibank*
  (N.D. Cal. 2001) 133 F.Supp.2d 1177, 1180 ....................................................23

*Ruiz v. Decision One Mortgage Co.*
  2006 WL 2067072 * 3 (N.D. Cal. July 25, 2006)..............................................16

*Saldate v. Wilshire Credit Corp.*
  711 F. Supp. 2d 1126, 1137 (E.D.Cal. 2010).....................................................9

*Santa Maria v. Pac. Bell*
  202 F.3d 1170, 1178 (9th Cir. 2000).................................................................4

*Scafindi v. Western Loan and Building Company*
  72 Cal. Ap.2d 550, 558 (1946)..........................................................................5

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*
  806 F.2d 1393, 1401 (9th Cir. 1986).................................................................5

*Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.*
  245 F.2d 67, 70 (9th Cir. 1956).........................................................................2

*Shroyer v. New Cingular Wireless Servs., Inc.*
  (9th Cir.2007) 498 F.3d 976, 981–82...............................................................20

*Sierra-Bay Fed. Land Bank Assn. v. Superior Court*
  (1991) 227 Cal.App.3d 318..............................................................................15

*Silberg v. California Life Ins. Co.*
  (1974) 11 Cal.3d 452, 462...............................................................................24

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*
  983 F. Supp. 1303, 1316 (N.D. Cal. 1997.........................................................6

*Siliga v. Mortgage Electronic Registration Systems, Inc.*
  (2013) 219 Cal.App.4th 75.............................................................................12

-ix-

*State of California v. State Lands Comm.,*
   (N.D. Cal. 1981) 512 F.Supp. 36, 38 .................................................23

*Sybersound Records, Inc. v. UAV Corp*
   517 F.3d 1137, 1151-52 (9th Cir. 2008) .........................................8

*Tarmann v. State Farm Mutual Auto Insurance Company*
   *(1991)* Cal.App.4th 153, 157 .....................................................5

*Umandri v. Judkins*
   (1997)52 Cal.App.4th 326, 348 ....................................................15

*Western Security Bank v. Superior Court*
   (1997) 15 Cal.4th 232, 243 .........................................................10

*Youst v. Longo*
   (1987) 43 Cal.3d 64, 71, fn. 6 ....................................................17

**Statutes**

*California Business & Professions Code § 17200* ...........................6

*California Civil Code § 3* ...............................................................10

*California Civil Code §§ 2923.55, 2923.7* ...............................7, 10

*California Civil Code § 2924* ......................................................14

*California Civil Code § 2934* ......................................................14

*California Civil Code § 3294* ......................................................24

*California Civil Code § 3294(a)* ..................................................24

*California Civil Code § 3294(b)* ..................................................24

*California Code of Civil Procedure § 338* .....................................3

*California Code of Civil Procedure § 338(d)* ..........................8, 18

*California Code of Civil Procedure § 389(a)* .................................2

**Other Authorities**

5 Witkin, California Procedure, Third Edition, Pleadings §662, page 111 ...............5

-x-

1

**Rules**

2  *FRCP*, Rule 12 ..................................................................................................2

3  *FRCP* Rule 12(f) ..............................................................................................23

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.  STATEMENT OF FACTS

3      On or around May 4, 2007, Plaintiffs, Gary and Cynthia Koller borrowed

4   $1,350,000.00 and executed a promissory note secured by a Deed of Trust (the

5   "DOT") in favor of Defendant, B.F. Saul Mortgage Company ("B.F. Saul")

6   encumbering the real property located at 3811 River Ave., Newport Beach,

7   California 92663 (the "Property").  [RJN, Exh. 1].  On or around April 12, 2011,

8   after Plaintiffs accrued $27,919.72 in Loan payment arrearages, a Notice of

9   Default was recorded initiating foreclosure proceedings against the Property.

10  [RJN, Exh. 2]. The Notice of Default was subsequently rescinded on or about June

11  9, 2011. [RJN, Exh. 3].

12      An Assignment of Deed of Trust was recorded (the "Assignment") on  June

13  1, 2011, assigning the beneficial interest under the DOT to U.S. Bank National

14  Association As Trustee Relating To Chevy Chase Funding LLC Mortgage Backed

15  Certificates Series 2007-2 ("US Bank").  [RJN, Exh. 4].  On September 12, 2012,

16  after Plaintiffs accrued $31,434.42 in Loan payment arrearages, a Notice of

17  Default ("NOD") was recorded initiating foreclosure proceedings against the

18  Property.  [RJN, Exh. 5]. As Plaintiffs failed to cure the default, a Notice of Sale

19  ("NOS") recorded on December 14, 2012 setting a sale date for January 8, 2013.

20  [RJN, Exh. 6]. Also on December 14, 2012, US Bank caused to be recorded a

21  Substitution of Trustee, substituting the Law Offices of Les Zieve as trustee under

22  the DOT.  [RJN, Exh. 7].  On October 10, 2013, a Grant Deed recorded wherein

23  Gary Koller purported to deed a 20% interest in the property to Exchange Finance

24  LLC. [RJN, Exh. 8]. This action commenced on November 7, 2013.

25      On January 8, 2013, Plaintiffs' Ex Parte Application for a TRO was granted

26  and the State Court set an OSC re Preliminary Injunction for January 28, 2014. On

27  January 8, 2014, Defendants removed this action to the U.S. District Court Central

28  District of California.

1     **II. DISCUSSION**

2  **A.    The Standard To Be Applied To A Motion To Dismiss.**

3          A complaint may be dismissed as a matter of law under *FRCP,* Rule

4  12(b)(6) for lack of a cognizable legal theory or insufficient facts under a

5  cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530,

6  533-534 (9th Cir. 1984); *Balistreri v. Pacifica Police Department*, 901 F.2d 696,

7  699 (9th Cir. 1990). "[F]actual allegations must be enough to raise a right to relief

8  above the speculative level" and "more than labels and conclusions, and a

9  formulaic recitation of the elements of a cause of action" must be alleged. *Bell*

10 *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations

11 omitted). Although *FRCP,* Rule 8(a) "does not require 'detailed factual

12 allegations,'… it demands more than an unadorned, the-defendant-unlawfully-

13 harmed-me accusation." *Ashcroft v. Iqbal*, (2009)129 S.Ct. 1937, 1949, quoting

14 *Twombly*, supra, 127 S.Ct. at 555. As such, conclusory allegations are disregarded

15 and the court may not "supply essential allegations of the claim that were not

16 initially pled." *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987); *Ivey v.*

17 *Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The court does not have to

18 accept alleged facts as true, when they contradict matters subject to judicial notice.

19 *Sears, Roebuck & Co. v. Metro. Engraver, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956).

20 **B.    Plaintiffs' Entire Action Fails for Not Joining Indispensable Parties.**

21          Per *Code of Civil Procedure* §389(a):

22          A person…shall be joined as a party in the action if (1) in his
23          absence complete relief cannot be accorded among those already
           parties or (2) he claims an interest relating to the subject of the
24          action and is so situated that the disposition of the action in his
25          absence may (i) *as a practical matter impair or impede his ability*
           *to protect that interest* or (ii) *leave any of the persons already*
26          *parties subject to a substantial risk of incurring double, multiple,*
           *or otherwise inconsistent obligations by reason of his claimed*
27          *interest.* If he has not been so joined, the court shall order that he be
28          made a party.

                                        -2-

1      In the instant action, Plaintiff, Gary Koller, recorded a Grant Deed

2  showing the transferred of 20% interest in the Property to "Exchange

3  Finance LLC" [RJN, Exh. 8] who is not joined as a party to this action.

4  Since Plaintiff intended to give Exchange Finance LLC an interest in the

5  Property, it is an indispensible party and must be joined to this action.

6  **C.    The First Claim For Fraud in Loan Origination and Sixth Claim for**

7  **       Negligence in Loan Origination Fail Because US Bank and SLS Were**

8  **       Not Involved in Loan Origination and the Claims are Time-Barred.**

9      Plaintiffs allege that Defendants SLS and US Bank misrepresented the loan

10  terms at origination. [Complaint ¶52]. It is also alleged that US Bank and SLS

11  falsely inflated Plaintiffs income and misrepresented the loan terms and conditions.

12  [Complaint ¶106]. Neither US Bank nor SLS were the originating lenders when

13  the loan was funded in 2007 and US Bank did not take the assignment of an

14  interest in the Note and Deed of Trust until 2011. [RJN Exh. 1, 4]. Therefore, it is

15  impossible that US Bank or SLS had any involvement with the origination at all.

16  The loan was underwritten and funded by B.F. Saul. [RJN, Exh.1]. A corporation

17  which purchases the asset of another corporation does not automatically assume

18  the liabilities of that other corporation. *Ray v. Alad Corp.*, (1977) 19 Cal.3d 22, 28;

19  *Beatrice Co. v. State Bd. of Equalization*, (1993) 6 Cal.4th 767.

20      The fraud claim is barred by the three-year statute of limitations under *Code*

21  *of Civil Procedure* ("*C.C.P.*")§338(d). The negligence claim is barred by the two-

22  year statute of limitations under *C.C.P.* §335.1. All alleged acts of negligence and

23  fraud at origination relate to the consummation of the loan, and therefore, any such

24  negligent or fraudulent conduct occurred in May 2007 [RJN Exh.1], more than six

25  years before the Complaint was filed on November 7, 2013. [See, Court's docket].

26  There is no indication that Plaintiffs would not have been aware of the alleged

27  misrepresentations at the time of origination since they executed the Note and

28  Deed of Trust which apparently contain the statements regarding the interest rate

and payments. [Complaint ¶52, 106; RJN, Exh. 1]. One who signs a contract "is

1   estopped from saying that its explicit provisions are contrary to his intentions or
2   understanding." *Estate of Anderson* (1997) 60 Cal.App.4th 436, 442 [citations
3   omitted]. Plaintiffs are deemed to have read and understood what they signed, so
4   they cannot successfully argue ignorance or fraud. *Marin Storage &Trucking, Inc.*
5   *v. Benco Contracting* (2001) 89 Cal.App.4th 1042, 1049 (Ordinarily, a party "who
6   signs an instrument which on its face is a contract is deemed to assent to all its
7   terms."); *Meyer v. Benko* (1976) 55 Cal.App.3d 937, 942-943  (A party cannot
8   avoid the terms of a contract on the ground that he or she failed to read it before
9   signing.)  Potential violations were "objectively and reasonably apparent on the
10  face of the documents Plaintiff received when the loan closed." *Santa Maria v.*
11  *Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000); *Conder v. Home Sav. of America*,
12  2010 WL 2486765, at *3 (C.D.Cal. 2010).
13          The equitable tolling doctrine can be applied only if Plaintiffs, "despite all
14  due diligence," was "unable to obtain vital information bearing on the existence of
15  their claim." *Santa Maria v. Pac. Bell*, supra, at 1178.  The test is whether "a
16  reasonable plaintiff would not have known of the existence of a possible claim
17  within the limitations period." *Id*.  Also, a plaintiff must plead facts which would
18  indicate an "excusable delay" in discovering the claim. *Id.*; *Hubbard v. Fidelity*
19  *Fed. Bank,* 91 F.3d 75, 79 (9th Cir.1996).  Here, there is no such <u>excusable</u> delay.
20  Plaintiffs should have read what they signed and obviously did not even attempt to
21  conduct due diligence during the first two years.  Based on the record before the
22  Court, it is impossible that Plaintiffs will cure the deficiencies in the Complaint.
23  **D.    <u>The Second Claim For Fraud in Loan Servicing Fails Because it is</u>**
24          **<u>Contradicted by the Allegations and Insufficiently Pled.</u>**
25          It is alleged that SLS misrepresented that Plaintiffs should stop their monthly
26  payments and go into default in order to receive a loan modification; however,
27  Defendants intended to deceive them so that Plaintiffs would fall into default,
28  obtain no modification or an unaffordable one. [Complaint ¶62, 64-65].  These
    allegations are not specifically plead and are contrary to the Complaint's claims.

Fraud actions have been classified as "disfavored," and are subject to strict requirements of particularity in pleading. *Scafidi v. Western Loan and Building Company,* 72 Cal. App.2d 550, 558 (1946). In California, to establish a cause of action for fraud, a plaintiff must allege:

> (1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and, (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff. [Citations.] Each element in a cause of action for fraud ... must be factually and specifically alleged. [Citation.] (Citations.) **In a fraud claim against a corporation**, a plaintiff must allege the names of the persons who made the misrepresentations, their authority to speak for the corporation, to whom they spoke, what they said or wrote, and when it was said or written. *Perlas v. GMAC Mortg., LLC* (2010) 187 Cal.App.4th 429, 434 (internal citations omitted.); see also *Lazar v. Superior Court,* 12 Cal.4th 631, 645 (1996); *Tarmann v. State Farm Mutual Auto Insurance Company (1991)* Cal.App.4th 153, 157.

Under FRCP Rule 9(b), "[i]n alleging fraud…, a party must state with particularity the circumstances constituting fraud…." To meet this standard, the complaint must allege "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, at *3 (N.D. Cal. 2007).

The Complaint fails to explain 'the who, what, when, where, and how of the [fraudulent] misconduct charged.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir., 2009). There are no names of representative of Defendants that made any alleged representations. Thus, this claim is not specifically plead.

-5-

1        The allegations that Defendants intended to offer no modification or an

2   unaffordable one are also contradicted because Plaintiffs admit that after they

3   stopped making payments in or about February 2011, they received a loan

4   modification in May 2011. [Complaint ¶36, 39]. Plaintiffs admit that they made

5   these modified payments from a year, from May 2011 to May 2012. [Complaint

6   ¶40]. Clearly, they were able to afford the payments for a year. Moreover, lender

7   does not owe a borrower a duty to assess the affordability of a loan. *Nymark v.*

8   *Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1092.  In *Perlas,*

9   the borrowers alleged "they could rely upon [the mortgage lender's] knowingly

10  false determination that they *qualified* for the loans as a determination by [the

11  lender] that they could afford the loans." Id. at p.431. The *Perlas* Court reasoned

12  that the lender's efforts to determine the creditworthiness and ability to repay by a

13  borrower are for the lender's protection, not the borrower's, and borrowers rely on

14  their own judgment and risk assessment in deciding whether to accept a loan. *Id.* at

15  p. 436. Plaintiffs should have known that they could not afford the loan based on

16  simple arithmetic. Plaintiffs did not take steps to evaluate the "misrepresentations"

17  or consulted with other sources, thus their reliance on Defendants' alleged

18  misrepresentations are unjustified. Also, Plaintiffs admit that they defaulted on the

19  first loan modification, reapplied for a second modification and were denied for a

20  second modification. [Complaint ¶41, 48]. Thus, Plaintiffs' own admissions

21  contradict the allegations that Defendants intended to deceive so that Plaintiffs

22  would fall into default, obtain no modification or an unaffordable one. Their own

23  action of defaulting on the modification resulted in initiation of the foreclosure.

24  **E.**   **Plaintiffs' Third Claim for Violation of the *Bus. & Prof. Code* §17200**

25       **Fails Because Is Not Plead With Particularity.**

26       To allege a violation of the *Bus. & Prof. Code* §17200, a plaintiff must state

27  with <u>reasonable particularity</u> the facts supporting the statutory elements of the

28  violation.  *Silicon Knights, Inc. v. Crystal Dynamics, Inc,* 983 F. Supp. 1303, 1316

(N.D. Cal. 1997) (quoting *Khoury v. Maly's of California,* 14 Cal. App. 4th 612,

619, (1993).  The UCL "establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co*, (1999) 20 Cal.4[th] 163, 180.

**Unlawful Prong**:

The "unlawful" prong of the UCL requires a plaintiff to demonstrate that the defendant's conduct violated some other law. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). To state a claim for relief, a plaintiff must "state, with reasonable particularity, the facts supporting the statutory elements of the violation." *Jensen v. Quality Loan Serv. Corp.* 702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010).

Plaintiffs allege violations of *Civil Code* §§ 1709 (deceit), 1710 (deceit), 2923.6 (HOBR violation), 1714(a) (responsibility for willful acts and negligence), 1572 (actual fraud), 1708 (abstain from injuring another), and 1711(deceit to defraud the public). [Complaint ¶72, 76]. Plaintiffs provides a laundry list of alleged statutory violations all of which fall under three categories that have already been pled in Plaintiffs' other claims – fraud, negligence and violation of HOBR.  Defendants' arguments against these three claims are contained in this Motion and are incorporate by reference herein. Further, under California law, an action under section 17200 is not an all-purpose substitute for a tort or contract action. *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal. App. 4th 659, 676-677. Here, Plaintiffs are attempting to use their §17200 as a substitute for their tort claims of fraud and negligence. This is insufficient to plead a §17200 claim.

**Unfair Prong**:

An 'unfair' business practice occurs when it offends an established public policy or when it harms competition. *Cel-Tech Communications, supra,* 186-187. The Complaint does not properly link their claim to a legislatively declared policy. It merely alleges that the terms of the loan (at origination) were not explained; Defendants refused to assist Plaintiffs to avoid foreclosure and failed to review

-7-

1   Plaintiffs for a loan modification; and moved forward with the foreclosure without

2   authorization. [Complaint ¶78, 80]. All of these allegations are either time-barred;

3   false as evidenced by Plaintiffs own admission; or not specifically pled. Plaintiffs'

4   claims relative to fraud at origination are time-barred per *Civil Code* Section

5   338(d) as loan origination was in 2007 and the Complaint was brought in 2013.

6   Plaintiffs admit they received a loan modification which they honored for one year.

7   [Complaint ¶40]. Thus, it is difficult for them to allege that they were not assisted

8   and were not reviewed for a modification. Further, there are no allegations as to

9   why the foreclosure is not authorized.

10       Relative to the allegation that Defendants refused to provide Plaintiffs with a

11  loan modification [Complaint ¶80], the case law is clear that a lender does not have

12  an obligation to modify a borrower's loan.  Courts have held that lenders do not

13  have an obligation to ensure that a borrower can afford a loan, *Perlas v. GMAC*

14  *Mortg., LLC,* (2010)187 Cal.App.4th 429, 435–36, and that there is no right under

15  California law to a loan modification. *Mabry v. Superior Court,* (2010) 185

16  Cal.App.4th 208, 231; *Argueta v. J.P. Morgan Chase*, 2011 WL 2619060 *3 (E.D.

17  Cal., 2011).

18       Finally, Plaintiffs do not allege that Defendants' conduct caused any injury,

19  to the Plaintiffs or others. The foreclosure sale has not occurred and Plaintiffs have

20  not been divested from title or possession. The foreclosure proceeding were

21  commenced due to Plaintiffs' default not Defendants' alleged actions.

22  **Fraudulent Prong:**

23       Fraudulent Conduct "does not refer to the common law tort of fraud but only

24  requires a showing members of the public are likely to be deceived. *Sybersound*

25  *Records, Inc. v. UAV Corp*, 517 F.3d 1137, 1151-52 (9th Cir. 2008); *Puentes v.*

26  *Wells Fargo Home Mortg., Inc.*, (2008) 160 Cal.App.4th 638. "Unless the

27  challenged conduct 'targets a particular disadvantaged or vulnerable group, it is

28  judged by the effect it would have on a reasonable consumer.'" *Puentes*, supra at

-8-

1    645. Plaintiffs merely state that Defendants' acts included marketing the "subject
2    loan" based on misrepresentation and concealment; failing to disclose the truth
3    about underwriting the "subject loan" and costs; instructing Plaintiffs to default;
4    failing to review Plaintiffs for a modification. [Complaint ¶85]. There are no
5    allegations that the alleged conduct actually deceived the public or that any
6    statements relative to Plaintiffs' loan or foreclosure proceedings were disseminated
7    to the public, or that any statements were disseminated to the public upon which
8    reasonable consumers are likely to be deceived.

9    **Standing**:

10        Plaintiffs must now demonstrate that they suffered injury in fact and have
11   lost money or property as a result of the unfair competition. *Degelman v. Advanced*
12   *Med. Optics, Inc.*, 659 F.3d 835, 839 (9th Cir.2011). An absence of facts
13   describing the money or property allegedly lost is fatal to a plaintiff's UCL claim.
14   *Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d 1126, 1137 (E.D.Cal. 2010).

15        In *Jensen v. Quality Loan Serv. Corp.*, a federal district court dismissed the
16   plaintiff borrower's UCL claim with leave to amend because allegations that he
17   "incurred out of pocket monetary damages . . . and continues to incur monetary
18   damages" were too conclusory as to the lost money element. 702 F. Supp. 2d 1183,
19   1189 (E.D. Cal. 2010). As to lost property, the court held that because the prospect
20   of losing property is substantially different from having already lost property,
21   allegations that plaintiff would lose his personal residence if a nonjudicial
22   foreclosure sale occurred were insufficient to plead loss of property. *Id.*

23        Here, Plaintiffs claim that there is "a threatened loss of their real property,"
24   they suffered excessively high mortgage payments, fees and costs. [Complaint ¶87-
25   88]. The imminent loss of property in a future foreclosure sale cannot help
26   Plaintiffs meet their burden of demonstrating standing. *Jensen, supra*, at 1189.
27   Lack of standing under the UCL alone warrants dismissal here. In total, Plaintiffs'
28   entire action suffers from a lack of particular facts.

**F.**     **The Fourth Claim For Violation of HOBR (*Civil Code* §2923.6) Fails Because It Was Not Enacted at the Time the NOD and NOS Were Recorded and Plaintiffs' Second Loan Modification Was Denied.**

In July, 2012, California enacted AB 278 and SB 900, two of the bills which comprise the "Home Owners' Bill of Rights" ("HOBR"), as part of the State's response to perceived problems with the foreclosure process and to the need to ameliorate the economic effects of the resulting housing and mortgage crisis. HOBR became effective as of January 1, 2013. However, nothing in either AB 278 or SB 900 even purports to assert that the bills were intended to have any retroactive effect. See *Civ. Code* §3 ("no part of [the *Civil Code*] is retroactive, unless, expressly so declared."); *Douglas Aircraft Co. v. Cranston,* (1962) 58 Cal. 2d 462. California law is clear that statutes operate prospectively absent a clear indication that the Legislature intended retroactive application. *Western Security Bank v. Superior Court,* (1997) 15 Cal.4th 232, 243; *Evangelatos v. Superior Court,* (1988) 44 Cal.3d 1188, 1207- 1210.

Here, the Notice of Default recorded on April 12, 2011, was rescinded [RJN, Exh. 3]. The NOD was recorded on September 12, 2012 [RJN, Exh. 5] and the NOS was recorded on December 14, 2012 [RJN, Exh. 6], both well before §2923.6 was enacted on January 1, 2013. Thus, there  can be no violation of *Civil Code* §2923.6 by recording either of the Notices of Default or the Notice of Sale.

Plaintiffs also claim that a sale cannot take place until "fourteen or fifteen days after Plaintiffs either reject a modification on appeal or are denied a modification on appeal" [Complaint ¶94]. This time has expired allowing Plaintiffs to proceed with the sale because on or around December 19, 2013, SLS advised Plaintiffs that their request for a second independent review of the denial of the loan modification application determined that the findings of the initial denial letter have been validated and that Plaintiffs are not eligible for the loan modification for which they applied. [Court's Docket: Doc.1, pgs. 131, 169-171 - Crampton Decl. ¶16 and Exh. F incorporated herein by reference].

-10-

G.    **The Fifth Claim For Wrongful Foreclosure Fails Because it is Insufficiently Pleaded and Fatally Relies on Meritless Legal Theories**

California law does not permit a defaulted borrower to challenge the beneficiary's standing to nonjudicially foreclose on the deed of trust.  Plaintiffs are attempting to impermissibly impose a judicial review of the nonjudicial foreclosure process by alleging that (1) the loan was never transferred to the "Mortgage Trust" prior to the trust's closing date [Complaint ¶99]; (2) the Assignment to US Bank was ineffective [Complaint ¶100]; and (3) Defendants do not have any authority to foreclose [Complaint ¶101].

At the outset, it must be noted that Plaintiffs' cause of action for wrongful foreclosure fails because they failed to make payments on the loan.  In *Parcray v. Shea Mortg. Inc.*:

> '[a]n action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.' (internal citations omitted.)...Without such an assertion plaintiff is unable to raise a wrongful foreclosure claim.... *Parcray v. Shea Mortg. Inc.,* 2010 WL 1659369, *13 (E.D.Cal., 2010); *see also, Roque v. Suntrust Mortg., Inc.,* 2010 WL 546896, *4 (N.D.Cal., 2010).

Here, Plaintiffs admittedly defaulted on their loan. [Complaint ¶ 36, 41]. Plaintiffs signed the note and deed of trust authorizing B.F. Saul (and its successors and assigns such as US Bank) to collect the Property as collateral in the event that they failed to repay the Loan. Thus, Plaintiffs face losing the Property as a result of their own failure to repay the terms of the Loan.

Relative to the claim that the loan was never transferred to the "Mortgage Trust" prior to the trust's closing date [Complaint¶99], Plaintiffs are simply borrowers under a promissory note and not a party to any of these alleged agreements and have no standing to enforce any such agreements. *Bello v. Chase*

-11-

1   *Home Finance*, 2011 WL 133351 (S.D. Cal. 2011). "Only a purchaser or seller of

2   securities has standing to bring an action…" *Binder v. Gillespie*, 184 F.3d 1059,

3   1067 (9th Cir. 1999); See also *Gutter v. Merrill Lynch, Pierce, Fenner & Smith,*

4   *Inc.*, 664 F.2d 1194, 1196 (6th Cir.1981). "Even assuming Plaintiff's loan was

5   ultimately sold into the secondary mortgage market, Plaintiff does not qualify as a

6   purchaser or seller of the security." *Bello supra* at *1. On these grounds, Plaintiffs'

7   claim fails. A majority of district courts in California have held that borrowers do

8   not have standing to challenge the assignment of a loan to the securitized trust

9   because borrowers are not party to the assignment agreement. *Boza* v. *Us. Bank*

10  *Nat. Ass'n,* 2013 WL 5943160  *5 (C.D. Cal. Oct. 28, 2013); *Patel* v. *Mortgage*

11  *Electronic Registration Systems, Inc.,* 2013 WL 4029277 (N.D.Cal. Aug. 6, 2013);

12  *Aniel* v. *GMAC Mortg., LLC,* 2012 WL 5389706 at*4 (N.D.Cal. Nov. 2, 2012);

13  *Gilbert* v. *Chase Home Fin., LLC,* 2013 WL 2318890 at *3 (E.D.Cal. May 28,

14  2013). *In Jenkins* v. *JP Morgan Chase Bank, NA.* (2013) 216 Cal.App4th 497

15  (borrower does not have the right to bring a preemptive judicial action to determine

16  defendants' standing to foreclose and to enforce any agreements relating to the

17  securitization of their loan; foreclosing party need not have beneficial interest in

18  promissory note and deed of trust); *Siliga* v. *Mortgage Electronic Registration*

19  *Systems, Inc.* (2013) 219 Cal.App.4th 75.  In *Diunugala* v. *JP. Morgan Chase*

20  *Bank, NA.,* 2013 WL 5568737 at *8 (S.D.Cal. Oct. 3, 2013), "California courts

21  have held that in order to state a claim challenging a foreclosure sale, 'it is not

22  enough for plaintiff to allege that the purported assignment of the note in the

23  assignment of deed of trust was ineffective. Instead, a plaintiff is required to allege

24  that the [defendant] did not receive a valid assignment of the debt in any manner.'"

25  *Id.*, citing to *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 271-72

26  (2011); *Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal.App.4th 1495, 1506 (2012).

27  Here, Plaintiffs have not, and cannot, allege that the foreclosing Defendants did not

28  receive a valid assignment of the debt in any manner.

-12-

1    Plaintiffs also do <u>not</u> have any legal basis to preemptively challenge

2    Defendants authority and/or standing to foreclose (or the securitization of the

3    loan). As held in *Robinson v. Countrywide Home Loans, Inc.*:

4        Plaintiffs allege…that the entity which initiated foreclosure

5        proceedings **had no legal authority to do so because it was not**

    **either the current beneficiary of the deed of trust or the agent**

6        **of the current beneficiary**…The issues plaintiffs raise…were

7        recently discussed in *Gomes v. Countrywide Home Loans,*

    *Inc.* (2011) 192 Cal.App.4th 1149, 121 Cal.Rptr.3d

8        819 (*Gomes* ), review denied May 18, 2011….**We agree with**

9        **the *Gomes* court that the statutory scheme (§§ 2924–2924k)**

    **does not provide for a preemptive suit challenging standing**.

10       *Robinson v. Countrywide Home Loans, Inc.* (Sept. 12, 2011) 2011

11       WL 4012207 at *2 (emphasis added).

12       The same exact reasoning applies to the instant matter.  In essence, Plaintiffs

13   are demanding that the Court test whether Defendants have the authority to

14   foreclose under the Deed of Trust. This is a variation of the "holder of the note"

15   theory which has been universally rejected by California Courts.  According to

16   *Robinson* and *Gomes,* this is improper and does not provide a valid cause of action;

17   "nowhere does the statute provide for a judicial action to determine whether the

18   person initiating the foreclosure process is indeed authorized, and we see no

19   ground for imply such an action." *Gomes*, supra, at 1154; *Lane v. Vitek Real Estate*

20   *Industries Group* (E.D. Cal., 2010) 713 F. Supp. 2d 1092, 1099; *Hafiz v.*

21   *Greenpoint Mortg. Funding, Inc.* (N.D. Cal., 2009) 652 F. Supp. 2d 1039, 1042-43.

22       Most importantly, paragraph 20 of the Deed of Trust specifically provides

23   that "[t]he Note or a partial interest in the Note (together with this security interest)

24   can be sold one or more times without prior notice to Borrower." [RJN, Exh. 1 pg.

25   11]. When Plaintiffs signed the Note and Deed of Trust, they expressly authorized

26   B.F. Saul, and its successors and assigns, to sell an interest or partial interest in the

27   Loan without providing them notice. *Id.* Nonetheless, Plaintiffs received

28   constructive notice of the transfer of the Loan to US Bank when the Assignment

-13-

was recorded on June 1, 2011. [RJN, Exh. 4]. Thus, Plaintiffs' contentions regarding the inability to enforce the security interest are without merit.

Finally, there is no requirement that the assignment of any rights and interests in a deed of trust be recorded *at all*. *Civil Code* §2934 ("assignment of the beneficial interest under a deed of trust *may* be recorded"). Recording of an Assignment of the Deed of Trust is merely permissive, not mandatory. *Parcray v. Shea Mortg. Inc.*, 2010 WL 1659369, at *11-12. No statute under the exhaustive procedures of *Civil Code* §2924, et seq. requires the Assignment to be recorded at any specific point in time, if at all.

**H.   The Seventh Claim For Negligence in Loan Servicing and the Tenth Claim for Negligent Interference with Prospective Economic Advantage Fail Because Defendants Owe No Duty of Care to Plaintiffs.**

It is alleged that Defendants negligently breached their duty of care by rejecting Plaintiffs' payments, instructing them to default, providing an unaffordable loan modification and recording Notices of Default and Sale without authority. [Complaint ¶113-114, 137].

To allege a claim for negligence, Plaintiffs must allege that (1) Defendants had a legal duty to conform to a standard of conduct to protect Plaintiffs, (2) Defendants failed to meet this standard of conduct, (3) Defendants' failure was the proximate or legal cause of the resulting injury, and that (4) Plaintiffs were damaged. *Ladd v. County of San Mateo*, (1996) 12 Cal. 4th 913, 917. Plaintiffs' claim fails because Plaintiffs cannot allege the existence of a legal duty that was owed by SLS or US Bank to Plaintiffs.

Similarly, the tenth claim for negligent interference with prospective economic advantage fails as there is no legal duty owed. "The tort of negligent interference with prospective economic advantage is established where a plaintiff demonstrates that (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship

-14-

1  and was aware or should have been aware that if it did not act with due care its

2  actions would interfere with this relationship and cause plaintiff to lose in whole or

3  in part the probable future economic benefit or advantage of the relationship; (3)

4  the defendant was negligent; and (4) such negligence caused damage to plaintiff in

5  that the relationship was actually interfered with or disrupted and plaintiff lost in

6  whole or in part the economic benefits or advantage reasonably expected from the

7  relationship." *North American Chemical* Co. *v. Sup. Ct.* (1997) 59 Cal.App.4th

8  764, 786. "The tort of negligent interference with economic relationship arises only

9  when the defendant owes the plaintiff a duty of care." *Umandri v. Judkins*

10 (1997)52 Cal.App.4th 326, 348.

11      "As a general rule, a financial institution owes no duty of care to a borrower

12 when the institution's involvement in the loan transaction does not exceed the

13 scope of its conventional role as a mere lender of money." *Das v. Bank of America,*

14 *N.A.*, (2010) 186 Cal. App. 4th 727, 740 (*citing, Nymark v. Heart Fed. Savings &*

15 *Loan Ass'n.*, (1991) 231 Cal. App. 3d 1089 1096); *Castaneda v. Saxon Mortgage*

16 *Services, Inc.*, 687 F.Supp.2d 1191, 1198 (E.D. Cal. 2009).  In addition, **loan**

17 **servicers do not owe a duty to the borrowers of the loans they service.** *Osei v.*

18 *GMAC Mortg.*, 2010 WL 2557485, at *4 (E.D. Cal. June 21, 2010). "A

19 commercial lender is not to be regarded as the guarantor of a borrower's success

20 and is not liable for the hardships which may befall a borrower. It is simply not

21 tortious for a commercial lender to lend money, take collateral, or to foreclose on

22 collateral when a debt is not paid. And in this state a commercial lender is

23 privileged to pursue its own economic interests and may properly assert its

24 contractual rights." *Sierra-Bay Fed. Land Bank Assn. v. Superior Court* (1991) 227

25 Cal.App.3d 318, 334; *Oas v. Bank of America, N.A.* (2010) 186 Cal. App.4th

26 727,740-741 (citations and quotations omitted).)

27      The relationship between a lending institution and its borrower-client is not

28 fiduciary in nature. *Price v. Wells Fargo Bank,* (1989) 213 Cal. App. 3d 465, 476-

-15-

1    478; *Copesky v. Superior Court*, 229 Cal. App. 3d 678, 694 (1991).

2        "Liability to a borrower for negligence arises only when the lender 'actively

3    participates' in the financed enterprise 'beyond the domain of the usual money

4    lender." *Ruiz v. Decision One Mortgage Co.* 2006 WL 2067072 * 3 (N.D. Cal. July

5    25, 2006).  To date, no court has extended the "special relationship" status to the

6    relationship between a lender and/or loan servicer on the one hand and a borrower.

7    In fact, courts have refused to extend this "exceptional approach" to real estate

8    contracts. *Erlich v. Menezes* (1999) 21 Cal.4th 543, 552-554.  Moreover, courts

9    have traditionally refused to find a "special" or "fiduciary" relationship between a

10   lender and a borrower. *Kim v. Sumitomo Bank of Cal.,* (1993) 17 Cal.App.4th 974,

11   978-980; *Price v. Wells Fargo* (1989) 213 Cal.App.3d 465.

12        Here, Plaintiffs do not allege any facts to suggest their relationship with US

13   Bank or with SLS was anything more than a lender/servicer - borrower

14   relationship. To the extent that Defendants merely undertook to discuss loan

15   modification with Plaintiffs, Defendants haves not stepped outside the role of a

16   lender of money. *Ragland v. U.S. Bank, N.A.,* (2012) 209 Cal.App.4th 182, 207.

17   Relative to the claim that the NOD and NOS were recorded without authority, this

18   issue was addressed above in the prior section and the arguments are incorporated

19   by reference herein. In short, Plaintiffs do <u>not</u> have any legal basis to preemptively

20   challenge Defendants authority and/or standing to foreclose (or the securitization

21   of the loan). *Gomes, supra; Robinson, supra.*

22   **I.**    <u>**The Eighth Claim for Unjust Enrichment Fails Because It is Not a Valid**</u>

23        <u>**Claim and No Facts Allege that Defendants Obtained an Unjust Benefit**</u>

        Many California courts have held that unjust enrichment is not a cause of

24   action, rather it is a general principle underlying various doctrines and remedies,

25   including quasi-contract. *Jogani v. Superior Court* (2008) 165 Cal.App.4th 901,

26   911; *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1370. Claims for

27   unjust enrichment are only recognized where there is a showing that one party

28   wrongfully obtained a benefit at the expense of another. *Peterson v. Cellco P'ship*

1  (2008) 164 Cal.App.4th 1583,1593. The fact that one party obtains a benefit is not

2  sufficient to state a claim; the person receiving the benefit must also show that it is

3  unjust for the person to retain it. *First Nationwide Sav. v. Perry* (1992) 11

4  Cal.App.4th 1657, 1662-1663.

5        Here, Plaintiffs did not allege any facts stating that any alleged benefit

6  received by SLS or US Bank was unjust. US Bank, as beneficiary under the Deed

7  of Trust, is currently owed an amount under the Loan in excess of $1,172,345.72

8  [RJN, Exh. 6], which is secured only by the Property. In no way have Plaintiffs

9  pled any facts demonstrating that Defendants have been "unjustly enriched."

10  Plaintiffs' admittedly received $1,350,000.00 from the Loan to purchase the

11  Property. [Complaint ¶22; RJN, Exhibit 1]. Plaintiffs have received a substantial

12  amount of money under the Loan in which they are unable to repay. [Complaint

13  ¶41; RJN, Exh. 5-6]. Thus, Plaintiffs have been unjustly enriched by retaining the

14  Loan's funds, as well as occupying the Property without paying rent or a mortgage.

15

16  **J.   The Intentional Interference with Prospective Economic Advantage Claim Fails Because There Was No Actionable Economic Harm**

17  'The five elements for intentional interference with prospective economic

18  advantage are: (1) [a]n economic relationship between the plaintiff and some third

19  party, with the probability of future economic benefit to the plaintiff; (2) the

20  defendant's knowledge of the relationship; (3) intentional acts on the part of the

21  defendant designed to disrupt the relationship; (4) actual disruption of the

22  relationship; and (5) economic harm to the plaintiff proximately caused by the acts

23  of the defendant." *Youst v. Longo* (1987) 43 Cal.3d 64, 71, fn. 6. To state a claim,

24  Plaintiffs must allege that Defendants interfered with Plaintiffs' economic

25  expectations, and that the interference "was wrongful by some legal measure other

26  than the fact of interference itself." *Oella Penna v. Toyota Motor Sales, U.S.A., Inc.*

27  (1995) 11 Cal.4th 376, 392-393. Since SLS's recording of the Notice of Default

28  and Notice of Sale was correct based on (1) the defaults under the Loan; (2) the

-17-

admissions of Plaintiffs [Complaint ¶41]; and (3) pursuant to the power of sale in the Deed of Trust [RJN, Exh.1], the recording of the notices may not be utilized as the basis for this claim.

Initiating foreclosure proceedings does not qualify as an interference with economic interest. Here, the Deed of Trust expressly permits the beneficiary or trustee to commence non-judicial foreclosure proceedings upon the borrower's default. [RJN, Exh. 1]. Plaintiffs admit that the Loan was in default for non-payment. [Complaint ¶41]. Thus, since the Deed of Trust expressly authorized Defendant to commence the foreclosure proceedings, there can be no actionable economic harm (a required element of the cause of action). There was in fact a default on the Loan, and Defendant had the express right to foreclose under the Deed of Trust. *Youst, supra,* at p.71, fn. 6; *Price,* supra, at p. 479; RJN, Exh. 1.

Moreover, this claim fails because Plaintiffs contradict their allegation that they were not reviewed for a loan mod wherein they allege they were twice reviewed for a modification. [Complaint ¶39-40, 48]. Plaintiffs are also not entitled to a loan modification as discussed above. Thus, no cause of action is stated.

**K.** **The Claim for "Reformation of a Fraudulent Contract and Restitution" Fails Because it is Time-Barred, No Alternative Agreements Exist and the Loan and Deed of Trust are Not Unconscionable.**

First, this claim is barred by the three year statute of limitations on assertions of fraud. *Cal. Code Civ. Proc.* § 338(d). The underlying and original loan secured by the Deed of Trust executed on or about April 19, 2007 [RJN, Exh.1] is at the crux of this action and the basis for the loan modification negotiations. Plaintiff indeed agreed to and executed both the Deed of Trust and the first loan modification agreement, then consequently defaulted on both. [Complaint ¶36, 41; RJN Exhs. 5-6]. A primary issue in this case is the multiple defaults by Plaintiffs for the loan amounts originating from the original Deed of Trust and promissory note. In order for Plaintiffs to have any valid claim to the Property, they must seek to undo both defaults by reformation of the underlying Deed of Trust. As such, the

-18-

statute of limitations for any fraud claim asserted by Plaintiffs [Complaint ¶145] necessarily must run from the execution date of the Deed of Trust on April 19, 2007, which was over six years ago, far beyond the statutory period of three years.

Reformation is the revision of a written instrument that by fraud or mistake fails to express the intended agreement of the parties. *Campbell v. Republic Indem. Co. of America,* (1957) 149 Cal.App.2d 476, 479-80. A complaint for reformation must allege (1) the "real" agreement intended by the parties but not executed; (2) the agreement as actually reduced to writing; and (3) how the writing fails to embody the real agreement. *Lane v. Davis,* (1959) 172 Cal. App. 2d 302, 309. Further, "[t]he party seeking the revision of the writing must show how it is 'aggrieved' by the mistake, and define the actual intention of the contracting parties," keeping in mind that, "[a]s a general rule, a written contract, having been deliberately executed, is presumed to correctly express the parties' intentions." *Amer. Home Ins. Co. v. Travelers Indem. Co.,* (1981) 122 Cal. App. 3d 951, 961; *Appalachian Ins. Co. v. McDonnell Douglas Corp.,* (1989) 214 Cal. App. 3d 1, 19.

Here, Plaintiffs fail to allege the intended agreement between the parties versus the actual agreement. Plaintiffs also failed to allege any facts that would entitle them to overcome the presumption that the Loan and Deed of Trust, having been deliberately executed, expressed the parties' true intentions. It is alleged that the loan was predatory because it did not disclose the true interest rate and the adjustments in the rate that would be made. [Complaint ¶148]. However, the Deed of Trust contains an Adjustable Rate Rider (5 Year Payment Option/ 1 Month LLIBOR Index /Payment and Rate Caps) [RJN, Exh. 1 at pg. 17] and Plaintiffs admittedly signed this Deed of Trust. [Complaint ¶25]. Plaintiffs are deemed to have read and understood what they signed, so they cannot successfully argue ignorance or fraud. *Marin Storage &Trucking, Inc., supra. at* 1049; *Meyer, supra.* at 942-943.  The potential violations were "objectively and reasonably apparent on

-19-

1   the face of the documents Plaintiffs received when the loan closed." *Santa Maria v.*

2   *Pac. Bell*, supra, at 1178; *Conder, supra,* 2010 WL 2486765, at \*3.

3       Plaintiffs also cannot rely upon the allegations that their lender should have

4   known that they could not afford the loan as grounds for reformation. [Complaint

5   ¶148]. As is discussed above, a commercial lender pursues its own economic

6   interests in lending money and a lender "owes no duty of care to the [borrowers] in

7   approving their loan." *Nymark, supra, at p.* 1096. A lender is under no duty to

8   determine the borrower's ability to repay the loan. *Perlas, supra, at p.* 436.

9       Finally, the claim that the loan Agreement is unconscionable fails.

10   [Complaint ¶147]. Unconscionability "has historically provided only a defense to

11   enforcement of a contract, and normally cannot be used offensively to obtain

12   mandatory injunctive relief." *Cal. Grocers Ass'n v. Bank of Am.*, (1994) 22

13   Cal.App.4th 205, 217; *Burachek v. Chase Home Finance, LLC*, (E.D. Cal., Aug.

14   31, 2012) 2012 WL 3778970. Here, Plaintiffs are improperly utilizing the doctrine

15   of unconscionability in an offensive fashion to enjoin the foreclosure proceedings.

16   This is not permitted under California law.

17       A contract provision is unenforceable as unconscionable only if it is both

18   procedurally and substantively unconscionable. *Shroyer v. New Cingular Wireless*

19   *Servs., Inc.*, (9th Cir.2007) 498 F.3d 976, 981–82. The procedural element focuses

20   on oppression and surprise due to unequal bargaining power, while the substantive

21   element is satisfied where the results are overly harsh or one-sided. *Discover Bank*

22   *v. Superior Court*, (2005) 36 Cal.4th 148, 160. Plaintiffs fail to allege the elements

23   of this claim with any non-conclusory facts. Plaintiffs do not allege facts to support

24   claims of surprise or unequal bargaining power, or overly harsh terms. For

25   Plaintiffs' loan to be considered procedurally unconscionable, Plaintiffs must have

26   had no meaningful choice when entering into the loan. *Jones v. Wells Fargo Bank*,

27   (2003) 112 Cal.App.4th 1527, 1539-1540.  However, there is no reason to believe,

28

1 | and no allegations to support, that Defendant was the only lender that would have

2 | funded Plaintiffs' loans, and that Plaintiffs had **no choice** but to take out this Loan.

3 |     A provision is substantively unconscionable if it "involves contract terms

4 | that are so one-sided as to 'shock the conscience,' or that impose harsh or

5 | oppressive terms." *24 Hour Fitness, Inc. v. Superior Court* (1998) 66 Cal.App.4th

6 | 1199, 1213. The Complaint entirely fails to allege any specific terms of the loan

7 | that rise to that standard, or otherwise shock the conscience of a reasonable person.

8 | **L.**   **Plaintiffs' Quiet Title Claim Fails As  No Tender is Alleged and**

9 |      **Plaintiffs' Claim To Title Is Invalid.**

10 |     Plaintiffs' action fails at the outset because they have failed to tender. In

11 | order to state a valid Quiet Title claim, ***Plaintiffs are required to allege a tender***

12 | ***discharge the Note's debt***, which as discussed in detail above, he has failed to do

13 | here. *Manown v. Cal-Western Reconveyance Corp.*, 2009 WL 2406335 at *6 ("…a

14 | trustor cannot 'quiet title without discharging his debt.'" [Citation omitted.]);

15 | *Aguilar v. Bocci,* (1974) 39 Cal.App.3d 475, 477. "[I]t is settled in California that a

16 | mortgagor cannot quiet his title against the mortgagee without paying the debt

17 | secured." *Shimpones v. Stickney* (1934) 219 Cal. 637, 649; *Kelley v. Mortgage*

18 | *Electronic Registration*, 642 F.Supp.2d 1048, 1057 (N.D.Cal.2009). The borrower

19 | must allege tender of the amount of the debt to challenge the sale procedures and to

20 | cancel the sale. *Kelley, supra*, at p. 1057. Plaintiffs have failed to tender the

21 | amount due and cannot Quiet Title to the Property without having done so.

22 |     Plaintiffs cite to *Onofrio v. Rice,* (1997) 55 Cal.App.4th 413, where the court

23 | applied a limited exception to the tender rule. In that case, the defendants, acting as

24 | foreclosure and real estate brokers, purchased the house in the sale, in violation of

25 | their duties as a real estate broker and as a foreclosure consultant . *Id.* The court

26 | found that if the action attacks the validity of the underlying debt, a tender is not

27 | required since it would constitute an affirmation of the debt. *Id.* at 423-424. Here,

28 | Plaintiffs already have affirmed the debt by making payments from origination in

2007 until their initial default in 2011[RJN, Exh.2], and then again affirmed by

1  making payments pursuant to the first modification from May 2011 to May 2012

2  and requesting a second loan modification review [Complaint ¶40]. Further, any

3  challenge to the validity of the loan due to deception at loan origination is time-

4  barred as explained above.

5      Plaintiffs also cite to *Humboldt Savings Bank v. McCleverty*, (1961) 161 Cal.

6  286, for the proposition that "an offer to pay debt may not be required where it is

7  inequitable."  Plaintiffs' reliance on *Humboldt* is misplaced because here, unlike in

8  *Humboldt*, Plaintiffs admittedly owe a debt.  In *Humboldt,* the defendant was not

9  required to tender because the debt owed was not hers, but was incurred by her

10  recently deceased husband and the defendant only claimed an interest in her

11  recorded homestead. *Id*. Here, Plaintiffs indisputably owe the debt.  Since

12  *Humboldt* is clearly distinguishable from the current matter, Plaintiffs' argument is

13  not persuasive. Thus, tender is required.

14      Moreover, even if Plaintiffs could properly tender, the Quiet Title cause of

15  action still fails. In a quiet title action, a court will look at the strength of the

16  plaintiff's title, not at the weakness of that of the Defendant. *Millyard v. Faus*,

17  (1968) 268 Cal. App. 2d 76.  Here, Plaintiffs were undisputedly in default and in

18  breach of the loan agreement and loan modification agreement, subjecting them to

19  the power of sale provision of the Deed of Trust and loan modification agreement,

20  and the foreclosure of the property. Thus, Plaintiffs simply do not have a legitimate

21  interest in the Property superior to that of Defendants. Most egregiously, while

22  having no valid claim to title, Plaintiff, Gary Koller himself, further clouds title by

23  attempting his own wrongful and fraudulent transfer of 20% interest in the

24  Property to Exchange Finance LLC by a Grant Deed recorded on October 10, 2013

25  [RJN, Exh. 8], a month before filing the instant Complaint. Thus, this claim fails.

26  **M.    Plaintiffs' Claim for Declaratory Relief Fails Because it Improperly**

27  **Seeks to Redress Past Wrongs and is Duplicative.**

28      At the outset, it must be noted that Plaintiffs' cause of action for declaratory

relief fails because declaratory relief is not considered to be a viable cause of

1   action in California. *Batt v. City and County of San Francisco* (2007) 155

2   Cal.App.4th 65, 82 (declaratory relief is not an independent cause of action, but a

3   form of equitable relief); *Ball v. FleetBoston Financial Corp.* (2008) 164

4   Cal.App.4th 794, 800. An action for declaratory relief will not lie to determine an

5   issue, which can be determined in the underlying action. *California Ins. Guarantee*

6   *Assn. v. Superior Court* (1991) 231 Cal.App.3d 1617, 1623. "The object of

7   declaratory relief is to afford a new form of relief where needed and not to furnish

8   the litigant with a second cause of action for the determination of identical issues."

9   *Gen. of America Ins. Co. v. Lilly* (1968) 258 Cal.App.2d 465, 470.

10        Here, Plaintiffs allege that Defendants do not have the authority to foreclose

11   and sell the property [Complaint ¶165], and Zieve has no right to record the NOD

12   or NOS because the loan was "not placed or collateralized in the Mortgage Trust."

13   [Complaint ¶166]. These allegations are also contained in the Fifth Claim for

14   Wrongful Foreclosure. [Complaint ¶99-101]. Accordingly, because Plaintiffs'

15   remaining causes of action, upon which their claim for declaratory relief is entirely

16   predicated, fail, in turn, Plaintiffs' cause of action for declaratory relief cannot

17   stand independently and should be dismissed.

18
19
### III.   COURT MAY STRIKE ALLEGATIONS THAT ARE IMMATERIAL OR IMPERTINENT

20        Rule 12(f) permits a court to "order stricken from any pleading . . . any . . .

21   immaterial, impertinent, or scandalous matter." *FRCP* Rule 12(f).  A motion to

22   strike is properly granted "for the purpose of streamlining the ultimate resolution

23   of the action and focusing the jury's attention on the real issues in the case.

24   *Fantasy, Inc. v. Fogerty,* (9th Cir. 1993) 984 F.2d 1524, 1528, rev'd on other

25   grounds by *Fogerty v. Fantasy, Inc.,* (1994) 510 U.S. 517; *State of California v.*

26   *State Lands Comm.,* (N.D. Cal. 1981) 512 F.Supp. 36, 38. A motion to strike is

27   particularly appropriate where a plaintiff seeks relief not available as a matter of

28   law or not legally recoverable. *Rosales v. Citibank,* (N.D. Cal. 2001) 133

F.Supp.2d 1177, 1180; *Commodore Home Systems, Inc. v. Sup.Ct.,* (1982) 32

-23-

1   Cal.3d 211, 214-215.

2       A punitive damages award requires a finding by clear and convincing

3   evidence of both that a tort was committed and that oppression, fraud or malice

4   was the impetus of that tort. *Civil Code* § 3294.  Plaintiffs are not entitled to

5   punitive damages because they fail to establish by clear and convincing evidence

6   any actions by Defendants which constitute oppression, fraud or malice per *Civil*

7   *Code* § 3294(a).  Mere legal conclusions are not sufficient to sustain an award of

8   punitive damages under *Civil Code* § 3294; factual allegations must be made.

9   *Silberg v. California Life Ins. Co.*, (1974) 11 Cal.3d 452, 462; *Brousseau v. Jarrett,*

10  (1977) 73 Cal.App.3d 864, 872; *G.D. Searle & Company v. Sup. Ct.*, (1975) 49

11  Cal.App.3d 22. Plaintiffs merely draw the legal conclusion that they are entitled to

12  punitive damages. [Complaint ¶58, 109, 118, 132, 142 and Prayer (4)]. They fail to

13  allege what actions were reckless, oppressive, fraudulent and/or malicious. There

14  are insufficient allegations, let alone any clear or convincing evidence, that

15  Defendants committed any oppression, fraud, or malice as to the Plaintiffs.

16  Without factual support, punitive damages are unwarranted and improper.  Indeed,

17  "[t]he concept of punitive damages embodies a rule for individualized punishment

18  of a wrongdoer whose conduct toward the plaintiff is particularly outrageous."

19  *Magallanes v. Sup. Ct.* (1985)167 Cal.App.3d 878, 889.

20       Additionally, in terms of imposing punitive damages against a business

21  entity for the acts of its employees, "…the advance knowledge and conscious

22  disregard, authorization, ratification or act of oppression, fraud, or malice **must be**

23  **on the part of an officer, director, or managing agent** of the corporation." *Civil*

24  *Code* § 3294(b). (Emphasis Added).  Here, there are simply no allegations

25  regarding any advance knowledge and conscious disregard, authorization,

26  ratification or act of oppression, fraud, or malice by any officer, director, or

27  managing agent of SLS or of US Bank. There is absolutely no way to appropriately

28  punish Defendants by imposing such excessive damages, especially since Plaintiffs

-24-

1  failed to adequately plead any actual outrageous or egregious conduct against

2  Defendants to justify this remedy. Therefore, the Court should strike Plaintiffs'

3  requests for punitive damages in ¶58, 109, 118, 132, 142 and Prayer (4).

4  **IV.   CONCLUSION**

5      Based on the foregoing, Defendants respectfully request that the Honorable

6  Court grant its Motion to Dismiss the Complaint, in its entirety, with prejudice.

7      Respectfully submitted,

8  Dated:  January 15, 2014    WRIGHT, FINLAY & ZAK, LLP

9

10      By:    */s/ Nicole S. Dunn*

11      T. Robert Finlay, Esq.

12      Nicole S. Dunn, Esq.
    Attorneys Defendants, Specialized

13      Loan Servicing, LLC and U.S.
    Bank National Association as Trustee

14      Relating To Chevy Chase Funding

15      LLC Mortgage Backed Certificates
    Series 2007-2

16

-25-