**CONSUMER LITIGATION LAW CENTER, APC**
September J. Katje, Esq., State Bar No. 227896
sk@consumerlitigationlawcenter.com
Jeffrey J. Ogorek, Esq., State Bar No. 285927
jjo@consumerlitigationlawcenter.com
100 North Citrus St. Suite 408
West Covina, California 91791
Tel.: (800) 787-5616 | Fax: (888) 909-7947

Attorneys for Plaintiffs, GARY KOLLER and CYNTHIA KOLLER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

GARY KOLLER, an individual; and
CYNTHIA KOLLER, an individual,

              Plaintiffs,

              v.

SPECIALIZED LOAN SERVICING,
LLC, a Delaware Limited Liability
Company; B.F. SAUL MORTGAGE
COMPANY, a Maryland Limited
Liability Company; U.S. BANK
NATIONAL ASSOCIATION AS
TRUSTEE RELATING TO CHEVY
CHASE FUNDING LLC MORTGAGE
BACKED CERTIFICATES SERIES
2007-2; LAW OFFICES OF LES
ZIEVE; and all persons or entities
unknown claiming any legal or equitable
right, title, estate, lien or interest in the
property described in this complaint
adverse to Plaintiff's title thereto, and
DOES 1 through 25, inclusive,

              Defendants.

CASE NO: 8:14-cv-00031-JVS-JPR

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS SPECIALIZED
LOAN SERVICING AND U.S.
BANK'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED
COMPLAINT AND/OR TO
STRIKE PORTIONS OF THE
COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

Hearing Date:
Date:     March 24, 2014
Time:    1:30 p.m.
Judge:   Hon. James V. Selna
Location: Courtroom 10C

1

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR TO STRIKE
PORTIONS OF THE FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiffs GARY KOLLER and CYNTHIA KOLLER (collectively "Plaintiffs"), herein submit their Opposition to the Motion to Dismiss Plaintiffs' First Amended Complaint and/or to Strike Portions of the Complaint ("Motion to Dismiss") filed by Defendants SPECIALIZED LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE RELATING OT CHEVY CHASE FUNDING LLC MORTGAGE BACKED CERTIFICATES SERIES 2007-2 (collectively "Defendants").  Plaintiffs oppose Defendants' Motion to Dismiss on grounds that the First Amended Complaint ("FAC") pleads sufficient facts to state each and every cause of action alleged therein, and that Defendants' Motion to Dismiss is brought without merit.

The Opposition shall be based on this Opposition, the attached Memorandum of Points and Authorities in support thereof, on the complete files and records of this action, and on such other oral and/or documentary evidence as may be presented at the hearing on the Motion.


Dated: March 3, 2014          CONSUMER LITIGATION LAW CENTER, APC



BY:   __/s/ Jeffrey J. Ogorek_____
          September J. Katje, Esq.
          Jeffrey J. Ogorek, Esq.
          Attorneys for Plaintiffs, GARY KOLLER
          and CYNTHIA KOLLER

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR TO STRIKE PORTIONS OF THE FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# **TABLE OF CONTENTS**

I.    STATEMENT OF FACTS ............................................................1

II.   LEGAL STANDARD ...............................................................2

III.  ARGUMENT ..........................................................................3

   A. Exchange Finance LLC Is Not An Indispensable Party.....................3

   B. Defendants are Liable For Loan Origination Claims And Plaintiffs' Claims
   Are Timely Due To Delayed Discovery. ...........................................3

   C. The Second COA For Servicing Fraud Is Sufficiently Pleaded....................6

   D. The Third COA For UCL Violations Is Sufficiently Pleaded....................8

      1.   Plaintiffs Satisfy the Unlawful Prong of the UCL. .....................9

      2.   Plaintiffs Satisfy the Unfair Prong of the UCL. ........................10

      3.   Plaintiffs Satisfy the Fraudulent Prong of the UCL. ..................10

      4.   Plaintiffs Have Standing Under The UCL. ..............................11

   E. The Fourth COA For Wrongful Foreclosure Is Meritorious.....................12

   F.  The Sixth And Ninth COAs Based In Negligence Are Sufficiently Pleaded
   Because Defendants Owe A Duty To Plaintiffs. ..................................14

   G. The Unjust Enrichment COA Is Sufficiently Pleaded. .........................16

   H. Plaintiffs Allege Sufficient Harm For Intentional Interference. ..............17

   I.  *Civ. Code* § 2923.5 Requires That Defendants Contact Plaintiffs................18

   J.  The Eleventh COA For Reformation Is Sufficiently Pleaded....................20

   K. Plaintiff Properly Pleads The Twelfth COA for Quiet Title. ...................21

VI.   CONCLUSION ........................................................................21

i

## Cases

*Becker v. Wells Fargo Bank, NA, Inc.*, No. 2:10-cv-02799 LKK KJN PS, 2012 WL 6005759, at *12 (E.D. Cal. Nov. 30, 2012)...........................................................19

*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 556......................................24

*Boschma v. Home Loan Ctr., Inc.* (2011) 198 Cal.App.4th 230, 253 ............. 14, 15

*Broberg v. Guardian Life Ins. Co. of America* (2009) 171 Cal.App.4th 912, 920....6

*Budd v. Nixen* (1971) 6 Cal.3d 195, 201–203..........................................................7

*Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163 .....11

*CenterPoint Energy, Inc. v. Sup. Ct.* (2007) 157 Cal.App.4th 1101, 1122 ...............5

*Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993)....................................3

*Chancellor v. OneWest Bank*, No. C 12-01068 LB, 2012 WL 1868750.................19

*Committee on Children's Television Inc. v. General Goods Corp.* (1983) 35 Cal.3d 197, 213-14 .........................................................................................................7, 14

*Conley v. Gibson*, 355 U.S. 41 (1957) .....................................................................3

*Connor v. Great Western Sav. & Loan Assn.*, (1968) 69 Cal.2d 850, 865..............19

*Davis v. Ford Motor Company* (2009) 179 Cal.App.4th 581, 598.........................13

*Davis v. Krasna* (1975) 14 Cal.3d 502, 514 ............................................................7

*Davis v. Nadrich* (2009) 174 Cal.App.3th 1, 10.....................................................23

*Della Pena v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal.4th 381 n. 2, 392–393 ...........................................................................................................................22

*Donovan v. RRL Corp.* (2001) 26 Cal.4th 261, 291 ..............................................26

*Farmers Ins. Exch. v. Zerin* (1997) 53 Cal.App.4th 445, 458 ......................... 12, 23

*Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 346..............21

*Gilligan v. Jamco Dev. Corp.* (9th Cir. 1997) 108 F.3d 246, 249 ...........................2

*Glaski v. Bank of America, National Association* (2013) 218 Cal.App.4th 1079, 1099 ................................................................................................................ 16, 17

*Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993) .......................................3

*Henkel Corp. v. Hartford Accident and Indemnity Co.* (2003) 29 Cal.4th 934, 942.4

*Herrera v. Deutsche Bank National Trust Co.* (2011) 196 Cal.App.4th 1366, 1375
..................................................................................................................17

*Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412, 438................................6

*Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 291.............................26

*Imperial Ice Co. v. Rossier* (1941) 18 Cal.2d 33, 35 ..................................22

*J'Aire Corp. v. Gregory* (1979) 24 Cal.3d 799, 803–806.......................................18

*Kasky v. Nike, Inc.* (2002) 27 Cal.4th 163, 180 ......................................12

*Klein v. Chevron USA, Inc.* (2012) 202 Cal.App.4th 1342, 1376 ...........................14

*Kwikset Corp. v. Sup.Ct.* (2011) 51 Cal.4th 310, 330.....................................15

*Lazar v. Sup. Ct. (Rykoff-Sexton, Inc.)* (1996) 12 Cal.4th 631, 638 .........................8

*Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723, 726 ...................................21

*LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 342.....................................22

*Louis Vuitton S.A. v. Lee* (7th Cir. 1989) 875 F.2d 584, 590......................................5

*Maberry v. Said* (D. Kan. 1995) 911 F. Supp 1393, 1399-1401 .........................5

*Motors, Inc. v. Times Mirror Co.* (1980) 102 Cal.App.3d 735, 740 ......................13

*Nymark* factors.  *Garcia v. Ocwen Loan Servicing, LLC* (N.D. Cal., May 10, 2010,
 C 10-0290 PVT) 2010 WL 1881098............................................................ 18, 19

*Onofrio v. Rice*, (1997) 55 Cal. App. 4th 413, 424................................26

*Orkin Exterminating Co.* v. FTC (11th Cir. 1998) 849 F.2d 1354, 1364...............13

*People v. Duz-Mor Diagnostic Laboratory, Inc.* (1998) 68 Cal.App.4th 654, 658 13

*People v. E.W.A.P., Inc.* (1980) 106 Cal.App.3d 315, 319.....................................12

*People v. Orange County Charitable Servs.* (1999) 74 Cal.App.4th 1054, 1076 ...11

*Perlas v. GMAC Mortg., LLC* (2010) 187 Cal.App.4th 429, 434 ...........................10

*Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647....................13

*Ray v. Alad Corp.* (1977) 19 Cal.3d 22 ..............................................4

*Rego v. ARC Water Treatment Co.* (3rd Cir. 1999) 181 F.3d 396 ...........................5

*Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.* (6th Cir. 2012) 683 F.3d
 239, 247 ................................................................................9

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR TO STRIKE
PORTIONS OF THE FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987)...............3

*Sanderson v. HCA-The Healthcare Co.* (6th Cir. 2006) 447 F.3d 873, 876 .............9

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) .............................................................3

*Schnall v. Hertz Corp.* (2000) 78 Cal.App.4th 1144, 1167 ............................. 11, 14

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.* (9th Cir. 1986) 806 F.2d 1393, 1401 ..........................................................................................................................9

*StorMedia Inc. v. Sup. Ct.* (1999) 20 Cal.4th 449, 457 ..........................................17

*Tarmann v. State Farm Mutual Auo. Ins. Co.* (1991) 2 Cal.App.4th 153, 158 ........8

*Trant v. Wells Fargo Bank, N.A.*, No. 12-cv-164-JM-WMC, 2012 WL 2871642 at *7 (S.D. Cal. July 12, 2012)...................................................................................18

*Turner v. Milstein* (1951) 103 Cal.App.2d 651, 658 ...............................................8

*United States v. Campbell* (4th Cir. 1992) 977 F.3d 854, 857 ................................5

*Vargas v. Wells Fargo Bank*, N.A. (N.D. Cal 2012) 2012 WL 2931220...............10

**Statutes**

Cal. *Bus. & Prof. Code* § 17200 ......................................................................8, 9

Cal. *Bus. & Prof. Code* § 17204 .........................................................................11

Cal. *Civ. Code* § 2923.5(a)(2)...............................................................................19

Cal. Civ. *Code* § 338(d) ........................................................................................5

Cal. Civ. *Code*§ 389(a) ........................................................................................3

*Cal. Civ. Code* § 2923.5 ................................................................................ 18, 19

*Civ. Code* § 2923.5(a)(1)(A) ................................................................................19

Prop. 64 § 2 ...........................................................................................................11

Prop. 64 § 3 ...........................................................................................................11

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................2, 3

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR TO STRIKE PORTIONS OF THE FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

As alleged in the FAC, Plaintiff spoke with a representative of Windsor Capital Mortgage Corp., acting as the agent of co-Defendant Chevy Chase Bank Company f/k/a B.F. Saul Mortgage Company ("B.F. Saul") about refinancing their home located at 3811 River Ave., Newport Beach, CA 92663 ("Subject Property").  FAC ¶ 20.  The representative never verified Plaintiffs' income and instead inflated Plaintiffs' income to approximately twice their true income to qualify Plaintiffs for a $1,350,000 loan.  FAC ¶ 22.  The representative assured Plaintiffs that they could refinance if the loan was unaffordable, so, relying on these representations, Plaintiffs executed an adjustable interest rate note secured by a deed of trust on the Subject Property ("Loan Agreement") on May 4, 2007.  FAC ¶ 23.  The deed of trust identifies B.F. Saul as the lender.  FAC, Ex. "B".  B.F. Saul then assigned the deed of trust to Defendant U.S. Bank National Association, as Trustee relating to Chevy Chase Funding LLC Mortgage Backed Certificates Series 2007-2 ("U.S. Bank") via an Assignment of Deed of Trust recorded on June 1, 2011 ("Assignment").  FAC, Ex. "D".

As alleged in the FAC, the representative concealed from Plaintiffs that negative amortization would cause the loan balance to grow, that Plaintiffs' fixed payments were insufficient to cover interest, and that the monthly payment would jump upwards once negative amortization caused the loan balance to grow to 115% of the original loan amount, among other predatory terms.  FAC ¶¶ 25–31.  Once the payments skyrocketed due to negative amortization, Plaintiffs contacted Defendant Specialized Loan Servicing, LLC ("Specialized") to discuss a modification and were told to stop paying and default on the loan to apply for a modification.  FAC ¶¶ 33–35.  As alleged in the FAC, Plaintiffs endured a lengthy modification process while Specialized repeatedly mishandled Plaintiffs' loan modification application and were finally told they received a trial modification,

only later to be told that this was untrue and that Plaintiffs were in fact denied for a loan modification.  FAC ¶¶ 42–45.  As also alleged in the FAC, Specialized later told Plaintiffs they could enter into a reinstatement plan by paying half their past due amount in a single installment of approximately $50,000 and paying off the remaining past due amount over the next year to bring the loan out of default; however, Specialized now denies having made this offer.  FAC ¶ 48.

Defendants now moves to dismiss every cause of action ("COA") alleged in the FAC on primarily six recurring theories: (1) Defendants were not involved in the wrongful acts alleged; (2) Plaintiffs' claims are time-barred; (3) the FAC does not plead its claims with sufficient particularity to withstand a motion to dismiss; (4) Plaintiffs lack standing to bring their claims; (5) the COAs alleged rely on "meritless" legal theories; and (6) Defendants owe no duty to Plaintiffs.

In reality, and as further set forth below, the FAC sufficiently pleads each and every COA alleged therein and Defendants' motion to dismiss both misstates the allegations in the FAC and misapplies applicable law to make its erroneous arguments.  Therefore, and as addressed in detail below, Plaintiffs respectfully request that this Court deny Defendants' motion to dismiss in its entirety and require that Defendants Specialized and U.S. Bank answer the FAC.

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) motions to dismiss are viewed with disfavor, and accordingly, dismissals for failure to state a claim are "rarely granted."  *Gilligan v. Jamco Dev. Corp.* (9th Cir. 1997) 108 F.3d 246, 249 (citation omitted).  The standard for dismissal under FRCP 12(b)(6) is a stringent one:  "[a] complaint should not be dismissed for failure to state a claim unless it appears **beyond doubt** that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief."  See *Hartford Fire Ins. Co. v. California* (1993) 509 U.S. 764, 811 (quoting *Conley v. Gibson*, 355 U.S. 41 (1957) 45–46; *Cervantes v. City of San Diego* (9th Cir. 1993) 5 F.3d 1273, 1274 (emphasis

added).  The purpose of a FRCP 12(b)(6) motion is to test the formal sufficiency of the statement of the claim for relief in the complaint.  See *Rutman Wine Co. v. E. & J. Gallo Winery* (9th Cir. 1987) 829 F.2d 729, 738.  The complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.  See *Scheuer v. Rhodes* (1974) 416 U.S. 232, 236.  Plaintiffs' claims alleged in the FAC are wholly supported by factual allegations.  Consequently, Defendants' motion to dismiss should be denied.

## III.   ARGUMENT

### A.   Exchange Finance LLC Is Not An Indispensable Party.

Defendants first contend that Exchange Finance LLC is an indispensable party to the instant action because Plaintiff Gary Koller transferred a 20% interest in the Subject Property to Exchange Finance LLC.  Motion to Dismiss, p. 3, ln. 6–10.  However, Plaintiff Gary Koller transferred the 20% interest from Exchange Finance LLC back to Plaintiff Gary Koller via quitclaim deed recorded on February 7, 2014.  Thus, Exchange Finance LLC is not an indispensable party pursuant to California *Code of Civil Procedure* section 389(a) and the instant litigation can move forward with Plaintiffs Gary and Cynthia Koller as the sole named Plaintiffs in this action.

### B.   Defendants are Liable For Loan Origination Claims And Plaintiffs' Claims Are Timely Due To Delayed Discovery.

Defendants first claim that they cannot be liable under Plaintiffs' First COA fraud and Fifth COA for negligence in loan origination because B.F. Saul is the original lender identified in the Loan Agreement.  Motion to Dismiss, p. 3, ln. 14–20.  Defendants contend that a corporation does not automatically assume the liabilities of another.  Motion to Dismiss, p. 3 ln. 19–20.  While successor liability may not be automatic, here, Defendants can in fact be liable for the fraudulent and negligent acts and omissions of the original lender, as explained in the FAC.

/ / /

Defendants cite *Ray v. Alad Corp.* (1977) 19 Cal.3d 22 for the proposition that Defendants are not be automatically liable, but conveniently fail to cite that portion of the decision that explains when a corporation that purchases the assets of another **will** be liable.  Motion to Dismiss, p. 3, ln. 19–22.  A purchasing corporation can be liable for the torts of its predecessor when the seller transfers assets to the purchaser to escape the seller's debts.  *Ray v. Alad Corp.* (1977) 19 Cal.3d 22, 28.

Second, a company can be liable for the torts of its predecessor when the plaintiff's remedies against the predecessor become virtually non-existent.  *Henkel Corp. v. Hartford Accident and Indemnity Co.* (2003) 29 Cal.4th 934, 942.

Here, the FAC alleges that B.F. Saul transferred the note to Defendants to escape liability for loan origination fraud and that SLS and U.S. Bank specifically knew of B.F. Saul's fraud when U.S. Bank purchased the loan.  FAC ¶14.  Furthermore, if Plaintiffs' remedies against B.F. Saul are non-existent, Specialized and U.S. Bank must be vicariously liable for their predecessors' torts.

Moreover, a corporation is liable for the torts of its predecessor when information available at the time of purchase suggests fraud.  *Maberry v. Said* (D. Kan. 1995) 911 F. Supp 1393, 1399-1401 (lender liable for fraud when ratified fraud and accepted benefits therefrom).  The successor corporation is also on inquiry notice to investigate any information that suggests fraud.  *Louis Vuitton S.A. v. Lee* (7th Cir. 1989) 875 F.2d 584, 590; *United States v. Campbell* (4th Cir. 1992) 977 F.3d 854, 857.  Finally, successor liability is not appropriately determined on a motion to dismiss because it is an equitable doctrine that is appropriately determined on the situation's unique set of facts and by applying considerations of fairness.  *CenterPoint Energy, Inc. v. Sup. Ct.* (2007) 157 Cal.App.4th 1101, 1122 ("the totality of unusual circumstances" are considered when considering successor liability); *Rego v. ARC Water Treatment Co.* (3rd Cir. 1999) 181 F.3d 396.

Thus, successor liability is not appropriately determined at this early pleading stage absent additional discovery into the unique facts of this case. Moreover, and as alleged in the FAC, Defendants knew of their predecessor's fraud at the time of purchase. FAC ¶¶ 14, 100. Thus, the loan origination COAs alleged against Defendants must survive the motion to dismiss.

Defendants also contend that the origination COAs are time barred based on a three year statute of limitations for fraud and a two year statute of limitation. Motion to Dismiss, p. 3, ln. 23–28. However, Defendants overlook the sufficiently pleaded allegations of delayed discovery in the FAC.

The three year statute of limitations for fraud claims does not begin to run until circumstances would arouse the suspicion of a reasonably prudent person. "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. *Code Civ. Proc.* § 338(d); *Broberg v. Guardian Life Ins. Co. of America* (2009) 171 Cal.App.4th 912, 920. The requirement is a liberal policy favoring the ignorant defrauded plaintiff, especially in complex financial transactions. *Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412, 438. Moreover, "the mere fact that means of knowledge are open to a plaintiff, and he has not availed himself of them, does not debar him from relief when thereafter he shall make actual discovery." *Id.* at 437–38. Thus, even constructive knowledge is not sufficient to make the cause of action begin to accrue. And, as with all complaints, the court must accept the truth of all material factual allegations. *Committee on Children's Television Inc. v. General Goods Corp.* (1983) 35 Cal.3d 197, 213-14.

The two year statute of limitations for negligence similarly did not begin to run in May 2007, contrary to Defendants' contention. The statute of limitations on a negligence COA does not begin to run until the plaintiff both sustains the damage **and** discovers his or her COA. *Budd v. Nixon* (1971) 6 Cal.3d 195, 201–203. Furthermore, the damages suffered must be both actual and appreciable, not

mere nominal damages.  *Davis v. Krasna* (1975) 14 Cal.3d 502, 514.   Here, Plaintiffs only began to suffer damages once their monthly payments skyrocketed due to the undisclosed negative amortization and principal balance cap and, even then, Plaintiffs were not aware that Defendants completely misrepresented the certainty that monthly payments would become unaffordable until even later still.  FAC ¶¶ 32–33.  Thus, Plaintiffs' COAs for both fraud and negligence are within the applicable three and two year statutes of limitations and Defendants' contention that the two COAs are time barred is without merit.

### C.     The Second COA For Servicing Fraud Is Sufficiently Pleaded.

Defendants next attack Plaintiffs' COAs for fraud in loan servicing on grounds that: (1) Plaintiffs do not plead each element of fraud with sufficient particularity; (2) SLS and U.S. Bank owe no duty to Plaintiff; and (3) Plaintiffs' allegations are contradictory.  Motion to Dismiss, p. 4, ln. 6–p. 5 ln. 2.  In reality, the FAC states more than enough facts to satisfy the heightened pleading standard for fraud without contradiction, and on the facts alleged in the FAC, Defendants owe a clear duty of care to Plaintiffs.

A sufficiently pleaded fraud COA requires that the plaintiff plead (1) a misrepresentation of a material fact, (2) defendants' knowledge of falsity, (3) intent to defraud, (4) justifiable reliance on said misrepresentation, and (5) damages.  *Lazar v. Sup. Ct. (Rykoff-Sexton, Inc.)* (1996) 12 Cal.4th 631, 638. While Defendants are correct in pointing out that fraud must be pleaded to a higher standard than other COAs, Defendants overlook the exception wherein "the requirement of specificity is relaxed when the allegations indicate that 'the defendant must necessarily possess full information concerning the facts of the controversy . . . .'"  *Tarmann v. State Farm Mutual Auo. Ins. Co.* (1991) 2 Cal.App.4th 153, 158 (citation omitted).  In Tarmann though, the defendants had no more reason to know the relevant facts alleged than Plaintiff.  *Id.* at 158. Moreover, Plaintiff will not be charged with pleading specificity "when the facts

lie more in the knowledge of the opposing party . . . ." *Turner v. Milstein* (1951) 103 Cal.App.2d 651, 658.

Here not only do Plaintiffs allege each element constituting a COA for fraud in loan servicing against Defendants, but any facts Plaintiffs have not alleged would likely be in Defendants' possession, such as the names of Defendants' employees, their authority to speak, and the specific representations made—all the more reason to overrule the Motion to Dismiss and let Plaintiffs conduct discovery.

Defendants mistakenly claim that the particularity standard for fraud requires allegations "including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.* (9th Cir. 1986) 806 F.2d 1393, 1401. However, federal courts must defer to the state law standard to determine whether a state law claim sounds in fraud. *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.* (6th Cir. 2012) 683 F.3d 239, 247. Thus, the validity of the FAC's fraud allegations must be evaluated by the five factor test in *Lazar v. Sup. Ct.* cited above and **not** under the federal particularity requirement in *Schreiber*, cited by Defendants. Moreover, FRCP 9(b) must be read in conjunction with the "short and plain" notice pleading requirement under FRCP 8. *Sanderson v. HCA-The Healthcare Co.* (6th Cir. 2006) 447 F.3d 873, 876.

Here, Plaintiffs allege that Specialized: (1) misrepresented to Plaintiffs that they had to stop paying their loan and default in order to apply for a modification; (2) that Specialized knew this statement was false and that Plaintiffs did not have to be in default to apply; (3) that Specialized intended for Plaintiffs to default so that Defendants could later foreclose; (4) that Plaintiffs relied when they stopped making monthly payments; and (5) that Plaintiffs suffered damages in falling behind on the mortgage and becoming unable to become current on the loan.

FAC ¶¶ 62–64, 68.  These allegations satisfy all pleadings requirements for fraud under *Lazar v. Sup. Ct.*

Finally, Defendants claim that the FAC fails to plead a fraud COA because Defendants owe Plaintiffs no duty.  Motion to Dismiss, p. 6, ln. 9–25.  This argument is not even relevant because duty is not an element of fraud even by the authority that Defendants cite.  Motion to Dismiss, p. 5, ln. 7–18; *Perlas v. GMAC Mortg., LLC* (2010) 187 Cal.App.4th 429, 434.  None of the seven elements required to state a fraud COA under *Perlas* requires that the defendant owe any duty to the plaintiff.  *Perlas*, *supra*, 187 Cal.App.4th at 434.  Moreover, another court noted that *Perlas* specifically dealt with an **affirmative misrepresentation rather than concealment** on the part of the lender.  *Vargas v. Wells Fargo Bank*, N.A. (N.D. Cal 2012) 2012 WL 2931220, *5.  The Vargas court allowed the plaintiffs' fraud claim to proceed because the question of whether "a lender has a duty not to defraud borrowers by intentionally concealing or suppressing facts about their loan is different from the question posed in *Perlas*." *Id.* at *5.

Here, the FAC alleges that Defendants' agent **concealed** a number of loan terms, **not that Defendants made an affirmative misrepresentation.**  The FAC alleges that Specialized failed to disclose that Plaintiffs could apply for a modification without being in default, that Specialized concealed that monthly payments would increase sharply, and that Specialized recently concealed that Plaintiffs were offered a reinstatement plan.  FAC ¶¶ 65–68.  Despite Defendants' arguments to the contrary, Plaintiffs plead every element with sufficient particularity to state a COA for fraud in loan servicing and Defendants' motion to dismiss the second COA should be overruled.

### D.   The Third COA For UCL Violations Is Sufficiently Pleaded.

Defendants challenge the COA for violations of *Business & Professions Code* section 17200, California's Unfair Competition Law ("UCL") as (1)

insufficiently pleaded, and (2) because Plaintiffs lack standing.  Each of these arguments are meritless for the following reasons.

First, Defendants seem to confuse the pleading requirement under the UCL for common law fraud.  Motion to Dismiss, p. 6, ln. 28.  Defendants fail to recognize that even if Plaintiffs must plead fraud with particularity, **the actual elements that must be pled under the UCL are different than common law fraud**.  Under the UCL, Plaintiffs need not allege intent, scienter, actual reliance, damage, or even actual deception.  *Schnall v. Hertz Corp*. (2000) 78 Cal.App.4th 1144, 1167; *People v. Orange County Charitable Servs.* (1999) 74 Cal.App.4th 1054, 1076.  Moreover, conduct violates the UCL not only if it is (1) fraudulent, but **also if the conduct is (2) unlawful, or (3) unfair**.  Cal. *Bus. & Prof. Code* § 17200; *Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163 (only one prong of the UCL need be satisfied to state a claim).  The FAC satisfies each of the three prongs, as discussed below.

### 1.   Plaintiffs Satisfy the Unlawful Prong of the UCL.

An action is unlawful under the UCL if it violates any other law whether it be federal, state, statutory, or common law and these violations of other laws are **independently** redressed under the UCL.  *People v. E.W.A.P., Inc.* (1980) 106 Cal.App.3d 315, 319.  However, Defendants argue that the "unlawful" prong cannot be satisfied because Defendants also conclude that all other COAs alleged in the FAC fail.  Motion to Dismiss, p. 7, ln. 19–20.  In reality, violations of other laws can be redressed separately under the "unlawful" prong as *per se* violations of the UCL.  *Kasky v. Nike, Inc.* (2002) 27 Cal.4th 163, 180.  The underlying violations are explicitly actionable separately under the UCL.  *Farmers Ins. Exch. v. Sup. Ct.* (1992) 2 Cal.4th 377, 383.  Thus, Defendants conclusory argument that the other COAs alleged in the FAC fail so that, therefore, the UCL claims fail is a misplaced attempt to conflate the "unlawful" prong of the UCL with the underlying violations.  Defendants even acknowledge that the FAC alleges

numerous underlying violations that satisfy the "unlawful" prong. Motion to Dismiss, p. 7, ln. 13–16; FAC ¶¶ 73–75.

### 2. Plaintiffs Satisfy the Unfair Prong of the UCL.

A practice is unfair under the UCL simply "if it 'offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *People v. Duz-Mor Diagnostic Laboratory, Inc.* (1998) 68 Cal.App.4th 654, 658 (citing *Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647). The "unfair" prong of the UCL is intentionally broad so as to allow courts maximum discretion to prohibit new schemes to defraud. *Motors, Inc. v. Times Mirror Co.* (1980) 102 Cal.App.3d 735, 740. The current test for consumer cases under the UCL requires (1) substantial consumer injury, (2) no countervailing benefit to consumers (3) an injury that consumers could not reasonably avoid. *Davis v. Ford Motor Company* (2009) 179 Cal.App.4th 581, 598; see also *Orkin Exterminating Co.* v. FTC (11th Cir. 1998) 849 F.2d 1354, 1364.

Here, the injury is substantial in that Plaintiffs—like countless other consumers in California—face loss of their home due to predatory loans and bad faith modification review. There is no countervailing benefit to consumers in such conduct because of the countless other harms that arise from loss of home ownership. Finally, the injury could not reasonably have been avoided due to Defendants' active concealment of the predatory terms of the loan and because Defendants took advantage of Plaintiffs' relative lack of financial sophistication in this matter. FAC ¶¶ 79, 81. Thus, Plaintiffs easily satisfy the minimal pleading standard of the "unfair" prong of the UCL.

### 3. Plaintiffs Satisfy the Fraudulent Prong of the UCL.

A business practice is fraudulent under the UCL simply if "members of the public are likely to be deceived." *Committee on Children's Television v. General Foods Corp.* (1983) 35 Cal.3d 197, 211. As already mentioned above, the

plaintiff need not allege intent, scienter, reliance, damages, or deception.  *Schnall*, *supra*, 78 Cal.App.4th at 1167.   A complaint will adequately allege fraudulent conduct under the UCL even if lawful contract terms are presented in a deceptive manner, such as failure to disclose particular terms.  *Klein v. Chevron USA, Inc.* (2012) 202 Cal.App.4th 1342, 1376.   Particularly, a plaintiff states a viable claim for a fraudulent business practices under the UCL for marketing an adjustable rate mortgage with various payment options, but without disclosing negative amortization that would accrue even when the plaintiff made required payments. *Boschma v. Home Loan Ctr., Inc.* (2011) 198 Cal.App.4th 230, 253.

The situation in *Boschma* is precisely analogous to Plaintiffs' situation here. Therefore, contrary to Defendants' assertion, allegations that the loan was marketed based on misrepresentation and concealment, that Plaintiffs ware not reviewed for a modification in good faith, and that Plaintiffs were told they received a modification when the in fact did not, are sufficient to state a claim for fraud under the UCL.  Motion to Dismiss, p. 9, ln. 5–8; FAC ¶ 84.

### 4.   **Plaintiffs Have Standing Under The UCL.**

Finally, Defendants argue that Plaintiffs have suffered no injury in fact and therefore lack standing to assert COAs arising under the UCL.   Motion to Dismiss, p. 9, ln. 14–15.   Defendants seem to rely on the language of Proposition 64 that replaced "unaffected plaintiff" standing from the UCL with the requirement that an action for relief "by any person . . . who has suffered injury in fact and has lost money or property as a result of such unfair competition."  Cal. *Bus. & Prof. Code* § 17204; Prop. 64 § 3, approved Nov. 2, 2004.   However, section 17204 merely creates a pre-requisite for bringing representative claims and replaces broad private actions on behalf of the "general public."  Prop. 64 § 2. Injury in fact under the UCL is still extremely broad in that a plaintiff sufficiently alleges loss of money or property by alleging "that he or she would not have bought the product but for the misrepresentation."   *Kwikset Corp. v. Sup.Ct.*

(2011) 51 Cal.4th 310, 330.   Contrary to Defendants' assertions, the UCL's standing requirement is also satisfied if the plaintiff has a **present or future property interest diminished**.  *Id.* at 323; Motion to Dismiss, p. 10, ln. 1–4.

Futhermore, "at the pleading stage, a UCL plaintiff satisfies its burden of demonstrating standing by alleging an economic injury." *Boschma*, *supra*, 198 Cal.App.4th at 254.   Here, Plaintiffs allege that they suffered injury due to Defendants' failure to modify the Loan Agreement in good faith, Defendants' refusal to recognize the forbearance plan offered, Defendants' instructions to default on the Loan Agreement in order to apply for a modification, and the threatened loss of the Subject Property.   FAC ¶¶ 35–35, 44, 48, 86–89.   Thus, Plaintiffs have standing to assert UCL claims against Defendants because they allege injury in fact as well as diminished present and future property interests.

### E.   The Fourth COA For Wrongful Foreclosure Is Meritorious.

Defendants move to dismiss the fourth COA for wrongful foreclosure based on  U.S. Bank's lack of authority to foreclose on grounds that Plaintiffs have no standing or legal basis to challenge a pending foreclosure sale.   Motion to Dismiss, p. 11, ln. 4; p. 12, ln. 4–5.  Defendants' arguments ignore the allegations of improper assignment in the FAC as well as applicable law.

Contrary to Defendants' claims, the borrower has standing to challenge a foreclosure sale.   Motion to Dismiss, p. 10, ln. 7–8.   Strangely, Defendants' arguments focus primarily on Plaintiffs' default—which was on Defendants' instruction no less—and that the note can be sold without prior notice to the borrower.  Motion to Dismiss, p. 10 ln. 23–28; p. 12, ln. 25–27.  Whether the **note** was sold and whether Plaintiffs receive prior notice is not even relevant though. The fourth COA is based on an improper assignment of the **deed of trust**, which the Motion to Dismiss does not even address.  FAC ¶¶ 92–94.

/ / /

/ / /

A borrower can challenge foreclosure under a deed of trust on grounds that the assignment of the deed of trust was void and, thus, that the foreclosure was not conducted at the direction of the correct party, **despite the fact** that the borrower was not a party to or a third party beneficiary of the assignment agreement. *Glaski v. Bank of America, National Association* (2013) 218 Cal.App.4th 1079, 1099.  Furthermore, a trustee's attempt to accept a loan after the trust closing date is void when the trust was created by a pooling and servicing agreement that established a closing date for accepting loans and when accepting the loan would jeopardize the trust's status as a Real Estate Mortgage Investment Conduit ("REMIC").  *Glaski v. Bank of America*, *supra*, 218 Cal.App.4th at 1099.

When the borrower disputes the note holder's standing to foreclose, the burden is on the holder of the note to demonstrate a chain of ownership that establishes the note holder is the true beneficiary under the deed of trust.  *Herrera v. Deutsche Bank National Trust Co.* (2011) 196 Cal.App.4th 1366, 1375.  Until the beneficiary offers proof that establishes it holds the beneficial interest under the **deed of trust**, the truthfulness of the contents of the assignment remain subject to dispute.  *Id.* at 1375 (citing *StorMedia Inc. v. Sup. Ct.* (1999) 20 Cal.4th 449, 457, fn. 9).  Here the FAC disputes Defendants' authority to foreclose on the Subject Property because the note was not timely assigned into the investment trust for which Defendant U.S. Bank is the trustee.  FAC ¶¶ 93–94.  Therefore, as alleged in the FAC, the assignment is invalid and U.S. Bank has no authority to instruct the trustee to foreclose on the Subject Property.  FAC ¶ 95.  The motion to dismiss must therefore be overruled as to this COA because Defendants must satisfy their burden to show that the assignment is valid in the course of this litigation.

/ / /

### F. The Sixth And Ninth COAs Based In Negligence Are Sufficiently Pleaded Because Defendants Owe A Duty To Plaintiffs.

Defendants move to dismiss the sixth COA for negligence in loan servicing and ninth COA for negligent interference with prospective economic advantage on grounds that Specialized and U.S. Bank owe no duty of care to Plaintiffs.  Motion to Dismiss, p. 13, ln. 24–28.  Both negligence and negligent interference with prospective economic advantage require that the defendant owe a duty to the plaintiff and such duty is analyzed on a case by case basis, focusing on the foreseeability of the risk of harm to the plaintiff.  *J'Aire Corp. v. Gregory* (1979) 24 Cal.3d 799, 803–806.  While *Nymark v. Heart Fed Sav. & Loan Ass'n*, cited by Defendants, held that a financial institution **generally** does not owe a duty of care to the borrower, there are exceptions that apply here as explained below.  *Nymark v. Heart Fed. Sav. & Loan Ass'n* (1991) 231 Cal.App.3d 1089, 1096; Motion to Dismiss, p. 14, ln. 15–20.

Courts have in fact found that lenders owe a duty to borrowers to review them for a modification program in good faith under *Nymark*.  *Garcia v. Ocwen Loan Servicing, LLC* (N.D. Cal., May 10, 2010, C 10-0290 PVT) 2010 WL 1881098 (weighing of facts necessarily required imposing duty of care on defendant in processing loan modification application); *Trant v. Wells Fargo Bank, N.A.* (S.D. Cal. July 12, 2012) No. 12-cv-164-JM-WMC, 2012 WL 2871642 at *7 (negligence claim should proceed because four *Nymark* factors fell in Plaintiffs' favor); *Chancellor v. OneWest Bank* (N.D. Cal. May 22, 2012) No. C 12-01068 LB, 2012 WL 1868750, at *14 (negligence claim survived motion to dismiss based on *Nymark* factors); *Becker v. Wells Fargo Bank, NA, Inc.* (E.D. Cal. Nov. 30, 2012) No. 2:10-cv-02799 LKK KJN PS, 2012 WL 6005759, at *12 (negligence claim survived the pleading stage upon application of *Nymark* factors).  More broadly, a "duty may arise out of a voluntarily assumed

14

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR TO STRIKE PORTIONS OF THE FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

relationship if public policy dictates the existence of such duty." *Connor v. Great Western Sav. & Loan Assn.*, (1968) 69 Cal.2d 850, 865.

California courts use a six-factor test is used to determine whether a financial institution owes a borrower a duty of care as an exception to *Nymark*. The test evaluates: (1) the extent the transaction was to affect plaintiff; (2) the foreseeability of harm to plaintiff; (3) the degree of certainty that plaintiff suffered the injury: (4) the closeness of the connection between defendant's conduct and the injury; (5) the moral blame attached to defendant's conduct; and (6) the policy of preventing future harm. *Nymark*, *supra*, 231 Cal.App.3d at 1098 (citations omitted).

Here, Plaintiffs alleged facts in the FAC supporting all six of the above-mentioned factors:  First, the transaction was unquestionably intended to affect Plaintiffs because the decision on Plaintiffs' loan modification application would determine whether Plaintiffs could keep the Subject Property and avoid foreclosure.  FAC ¶¶ 110, 131.  Second, the harm to Plaintiffs from Defendants mishandling the application was readily foreseeable: loss of the Subject Property was the inevitable outcome. FAC ¶¶ 109, 130.  Although there was no guarantee the modification would be granted had the loan modification application been properly processed, the mishandling of the documents deprived Plaintiffs of the possibility of obtaining the requested relief.  Third, the injury is certain because Plaintiffs lost an opportunity to obtain a loan modification that they could afford or enter into a forbearance plan and there are now foreclosure proceedings instituted against them.  FAC ¶¶ 109–110, 133. Fourth, there is a close connection between Defendants' conduct and any injury actually suffered, because, Defendants' mishandling modification materials and documents submitted by Plaintiffs—not to mention refusal to honor the offered forbearance plan—directly precluded the loan modification application from being timely processed and Plaintiffs from retaining their home. FAC¶¶109–110;134. Fifth, Defendants'

actions are undoubtedly morally blameworthy as the FAC alleges numerous policies favoring home ownership and modification in California. FAC ¶¶7, 81–82. Similarly, California regulators have clearly taken action that indicate a policy to prevent future harm caused by the negligent acts of Defendants herein and other lenders. FAC ¶¶7, 81–82.

Plaintiffs sufficiently plead both the negligence in servicing and negligent interference with prospective economic advantage because the FAC pleads facts that satisfy all six elements required to impose a duty of care on the lender under the *Nymark* exception. Defendants do not challenge any of the other elements of either the FAC's negligence or negligent interference COAs. Thus, both the sixth and ninth COAs are sufficiently pleaded to survive a motion to dismiss.

## G.   The Unjust Enrichment COA Is Sufficiently Pleaded.

Defendants next attempt to undermine the seventh COA for unjust enrichment by splitting hairs to claim that the COA is a general principal, not a cause of action. Motion to Dismiss, p. 15, ln. 24–27. This argument avoids the reality that the FAC pleads unjust enrichment with sufficient particularity and that eminent foreclosure will undoubtedly unjustly enrich defendants.

First, the argument that unjust enrichment is not a cause of action is meritless. A cause of action seeking restitution when the defendant is unjustly enriched may be styled as unjust enrichment, quasi-contract, or quantum meruit and regardless of what the COA is called, it simply seeks to restore the aggrieved party by return of a particular thing or its equivalent value in money. *Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 346. The COA only requires that the plaintiff plead: (1) defendant received a benefit; and (2) unjust retention of the benefit at the plaintiff's expense. *Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723, 726.

/ / /

/ / /

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR TO STRIKE PORTIONS OF THE FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Here, the FAC alleges that Defendants secured the note via a deed of trust that gives Defendants the purported ability to foreclose on the Subject Property and profit thereby.  FAC ¶¶ 114–118.  The FAC also alleges that the Loan Agreement is insured in the event of foreclosure and that Plaintiffs have built equity in the Subject Property that would allow Defendants to re-sell the Subject Property and reap additional profit despite a wrongful foreclosure.  *Id*.  Thus, it would be unjust for Defendants to retain a benefit greater than the original loan amount.  Such pleading satisfies both elements of an unjust enrichment COA and Defendants' motion to dismiss the seventh COA should be overruled.

### H.   Plaintiffs Allege Sufficient Harm For Intentional Interference.

The motion to dismiss next challenges the intentional interference with prospective economic advantage ("intentional interference") COA as being: (1) not wrongful; and (2) not involving actual interference.  Motion to Dismiss, p. 17, ln. 1–3.  However, the FAC does in fact allege wrongful conduct and actual interference by Defendants, so the ninth COA for intentional interference is adequately pleaded.

First, the interference the future economic benefit can be unlawful, wrongful, or simply lawful but lacking in sufficient justification.  *Della Pena v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal.4th 381 n. 2, 392–393.  Even if the interference is lawful, it is only justified when the defendant's purpose or motive advances an interest with a greater social significance than the interest with which the defendant has interfered.  *Imperial Ice Co. v. Rossier* (1941) 18 Cal.2d 33, 35.  Furthermore, the wrongful interference can be based on allegedly related tortuous conduct.  *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 342.

Here, looking at the FAC as a whole, Defendants' interference was undoubtedly wrongful as alleged.  Defendants engaged in acts and omissions that were at least negligent, and more likely fraudulent, giving rise to numerous other COAs alleged.  Defendants failed to review Plaintiffs for a loan modification in

good faith, encouraging Plaintiffs to enter into an unaffordable Loan Agreement, proceeding with foreclosure without authority to do so, and failing to honor a reinstatement plan that Defendants offered to Plaintiffs.  FAC ¶¶ 48, 122.  Thus, the interference was clearly wrongful given U.S. Bank's lack of authority to exercise the power of sale and ongoing wrongful conduct that Defendants engaged in to hasten Plaintiffs towards foreclosure.

Second, Defendants actually interfered with Plaintiffs' prospective economic advantage of both reviewing Plaintiffs in good faith for an affordable loan modification, honoring a reinstatement plan, and/or owning the Subject Property free and clear.  The plaintiff must allege that actual interference with the prospective future economic benefit must occur.  *Davis v. Nadrich* (2009) 174 Cal.App.3th 1, 10.   An interference is an act that is designed to disrupt a contractual relationship.  *Farmers Ins. Exch. v. Zerin* (1997) 53 Cal.App.4th 445, 458.  Here, Defendants have recorded a notice of default and set numerous sale dates on the Subject Property as they push the foreclosure process forward.  FAC ¶ 122.  Additionally, the FAC alleges that Defendants failed to review Plaintiffs for an affordable modification in good faith and to honor a reinstatement plan.  FAC ¶ 48, 122.  These acts disrupted the economic relationship whereby Plaintiffs gain the ownership benefits associated with the Subject Property and the beneficiary of the note gains the benefit of their investment in Plaintiffs' note.  FAC ¶ 124.  Defendants' motion to dismiss the intentional interference COA must therefore be overruled because the FAC sufficiently pleads both wrongful conduct and actual interference, while Defendants do not challenge any other elements of intentional interference.

## I.    *Civ. Code* § 2923.5 Requires That Defendants Contact Plaintiffs.

Defendants next move to dismiss the tenth COA for wrongful foreclosure under *Civil Code* section 2923.5, a portion of the Homeowners' Bill of Rights ("HBOR"), essentially because **Plaintiffs contacted Specialized** to discuss a

modification; however, Defendants' argument completely ignores section 2923.5's requirements.

Under section 2923.5, the servicer or beneficiary, through its trustee, cannot record a notice of default ("NOD") until thirty (30) days after **contacting the borrower** to discuss options to avoid foreclosure or, if the servicer is unable to reach the borrower, thirty (30) days after satisfying various due diligence requirements identified in section 2923.5(e).  Cal. *Civ. Code* § 2923.5(a)(1)(A).

Plaintiff alleges that Defendants recorded a NOD **before contacting Plaintiffs** to discuss options to avoid foreclosure—a violation of *Civil Code* section 2923.5.  FAC ¶¶ 85–86.  Plaintiff further alleges that Defendants did not alternatively satisfy the due diligence requirements of section 2923.5(e), and therefore, Defendants have no authority to foreclose.  FAC ¶¶ 87–88.  At most, Defendants claim that "Defendants undoubtedly inquired as to why Plaintiffs could not make their payments . . . [and] Plaintiffs have received the intended benefits of the statute."  Motion to Dismiss, p. 19, ln. 1–4.  Defendants make a general allegation under the assumption that the court is supposed to accept it as true.  However, the material factual allegations in the FAC must be assumed true no matter how unlikely.  *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 556.  Thus, Defendants' speculative contention that Defendants must have contacted Plaintiffs is irrelevant because the FAC, which must be accepted as true, alleges that all contact was initiated by Plaintiffs and that Defendants did not satisfy HBOR's due diligence requirements.  Cal. *Civ. Code* § 2923.5(a)(2), (e); FAC ¶¶ 141, 145.

Assuming the material allegations in the FAC to be true, Defendants did not satisfy the black letter requirements of HBOR and the motion to dismiss the tenth COA should be overruled.  At the very least, Defendants should be required to answer this COA so that the parties can move forward with discovery to determine whether Defendants actually satisfied HBOR's requirements.

### J.   The Eleventh COA For Reformation Is Sufficiently Pleaded.

Defendants next argue that Plaintiffs' COA for reformation and restitution is: (1) time barred; (2) fails to allege the true agreement of the parties; (3) is not unconscionable; and (4) fails to allege tender.   Each of these arguments is meritless and ignores the allegations of the FAC.

First, Defendants claim that the first COA for fraud in origination is time barred and, therefore, the reformation COA must be time barred.   Motion to Dismiss, p. 19, ln. 25–28.   However, as discussed in Section III.B. above, the fraud COA is timely due to delayed discovery; therefore, the reformation COA is also timely.

Second, the FAC clearly alleges the true, intended agreement of the parties contrary to what Defendants claim.   Motion to Dismiss, p. 20, ln. 8–9.   The FAC alleges that the monthly loan payment should have been tied to a $14–$15,000 monthly income.   FAC ¶ 22.   The regularly scheduled monthly payments should have covered at least full interest payments for the first five years.   FAC ¶ 25. The Loan Agreement should not have allowed for negative amortization.   *Id*.   The interest rate should not have adjusted during the first five years.   FAC ¶¶ 28–29. Finally, the loan should not have 115% principal balance cap.   FAC ¶ 32.

Third, the Loan Agreement is both procedurally and substantively unconscionable.   Procedural unconscionability is established by oppression or surprise due to unequal bargaining power; substantive unconscionability is demonstrated by overly harsh or one-sided results.   *Donovan v. RRL Corp.* (2001) 26 Cal.4th 261, 291.   However, the two types exist on a sliding scale, so that more of one type can compensate for lack of the other.   *Id.* at 292.   Here, the Loan Agreement was both procedurally and substantively unconscionable because the loan was completely unaffordable based on fraudulently inflated income and predatory terms, and because Plaintiffs were rushed into signing the Loan

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR TO STRIKE PORTIONS OF THE FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Agreement without having the financial sophistication of Defendants.   FAC ¶¶ 22–22, 27–30.

Fourth, the Plaintiff need not allege tender as Plaintiffs are not required to allege tender where the action attacks the validity of the underlying debt, since it would constitute an affirmation of the debt.  *Onofrio v. Rice* (1997) 55 Cal. App. 4th 413, 424.  Plaintiff would invalidate many of his own COAs if he affirms the validity of the underlying debt.  Moreover, tender may not be required if it would subject Plaintiffs to injustice and hardship, and if their right to attack the sale were made dependent upon an offer to pay the whole debt.  *Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 291.  Therefore, Defendants' Motion to Dismiss this cause of action should be overruled.

### K.   <u>**Plaintiff Properly Pleads The Twelfth COA for Quiet Title.**</u>

Defendants argue that the FAC fails to adequately plead a COA for quiet title because: (1) Plaintiffs do not allege tender; and (2) Plaintiffs' have no claim to title.

## VI.   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Specialized and U.S. Bank's Motion to Dismiss the FAC, set a date by which Defendants must answer the FAC, and further set this case for trial.  In the alternative, Plaintiffs request that the Court allow Plaintiffs sufficient time to amend their FAC to allege additional facts sufficient to plead inadequately pled causes of action against Specialized and U.S. Bank.

Dated: March 3, 2014          COSUMER LITIGATION LAW CENTER, APC


BY:  <u>   /s/ Jeffrey J. Ogorek   </u>
          September J. Katje, Esq.
          Jeffrey J. Ogorek, Esq.
          Attorneys for Plaintiffs, GARY KOLLER and
          CYNTHIA KOLLER