UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00031 JVS(JPRx) | Date | March 24, 2014 |
| Title | Gary Koller et al v. Specialized Loan Servicing, LLC et al | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Sharon Seffens |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeffrey Ogorek | Nicole Dunn / Amy Borlund |

**Proceedings:** **Defendants Specialized Loan Servicing and U.S. Bank National Association's ' Motion to Dismiss First Amended Complaint (Fld 2/19/14)**

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS the defendants' motion and rules in accordance with the tentative ruling as follows:**

Defendants Specialized Loan March 18, 2014 ("SLS") and U.S. Bank National Association as Trustee Relating to Chevy Chase Funding LLC Mortgage Backed Certificates Series 2007-2 ("U.S. Bank") (collectively, "Defendants") move to dismiss the First Amended Complaint ("FAC") for failure to state a claim and/or strike portions of the complaint. (Docket No. 11.) Gary Koller and Cynthia Koller (collectively, "Plaintiffs"), oppose the motion. (Docket No. 15.) For the reasons stated in this order, the Defendants' motion to dismiss ("MTD") is GRANTED and the FAC is dismissed with leave to amend where indicated.

I.   Background

   A.   Judicial Notice

Defendants request judicial notice of eight documents filed with the Orange County Recorder. (Request for Judicial Notice in Support in Support of MTD ("RJN"), Docket No. 12.) Plaintiffs do not oppose the RJN. Because factual challenges have no bearing under Rule 12(b)(6), generally speaking, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. There

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-00031 JVS(JPRx)                                Date   March 24, 2014

Title      <u>Gary Koller et al v. Specialized Loan Servicing, LLC et al</u>

are, however, two exceptions to this general rule.  <u>Lee</u> <u>v.</u> <u>City</u> <u>of</u> <u>Los</u> <u>Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).  First, a court may take judicial notice of material that is either attached to or necessarily relied upon by the complaint, provided the material's authenticity is not contested.  <u>Id.</u>; see <u>New.Net., Inc. v. Lavasoft</u> , 356 F. Supp. 2d 1090, 1115-16 (C.D. Cal. 2004).  Second, under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute.  Fed. R. Evid. 201; <u>Lee</u>, 250 F.3d at 688-89.

Consequently, the Court takes judicial notice of the following documents:

**(1)** Deed of Trust, recorded on May 4, 2007 in the Orange County Recorder's Office, as Document No. 2007000293050.  (RJN, Ex. 1.)
**(2)** Notice of Default and Election to Sell under the Deed of Trust, recorded on April 12, 2011 in the Orange County Recorder's Office, as Document No. 2011000186908.  (RJN, Ex. 2.)
**(3)** Notice of Rescission, recorded on June 9, 2011 in the Orange County Recorder's Office, as Document No. 2011000284108.  (RJN, Ex. 3.)
**(4)** Assignment of Deed of Trust, recorded on June 1, 2011 in the Orange County Recorder's Office, as Document No. 2011000271050.  (RJN, Ex. 4.)
**(5)** Notice of Default and Elections to Sell Under Deed of Trust, recorded on September 12, 2012 in the Orange County Recorder's Office, as Document No. 20120005329303.  (RJN, Ex. 5.)
**(6)** Notice of Trustee's Sale, recorded on December 14, 2012 in the Orange County Recorder's Office, as Document No. 2012000778216.  (RJN, Ex. 6.)
**(7)** Notice of Trustee's Sale, recorded on December 14, 2012 in the Orange County Recorder's Office, as Document No. 201200077821658.  (RJN, Ex. 7.)
**(8)** Grant Deed, recorded on October 10, 2013 in the Orange County Recorder's Office, as Document No. 2013000577897.  (RJN, Ex. 8.)

### B.    Factual Background

In May 2007, Plaintiffs obtained a loan (the "Loan") from Defendant B.F. Saul Mortgage Company ("B.F. Saul") for $1,350,000.00 secured by a Deed of Trust encumbering the Property (the "Property").  (FAC ¶ 24, Ex. B.)  The Property is located in Newport Beach, CA 92663.  (FAC ¶ 3.)  In February 2010, Capital One transferred servicing rights to Plaintiffs' Loan to Defendant SLS.  (FAC ¶ 4, Ex. A.)  In April 2011, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00031 JVS(JPRx) | Date | March 24, 2014 |
|---|---|---|---|

| Title | Gary Koller et al v. Specialized Loan Servicing, LLC et al |
|---|---|

Notice of Default and Election to Sell was recorded. (FAC ¶ 36, Ex. E.) In May 2011, Plaintiffs received a loan modification after defaulting. (FAC ¶ 38.) In June 2011, the beneficial interest in the Loan was assigned to Defendant U.S. Bank by a Corporate Assignment Deed of Trust (the "Assignment"). (FAC Ex. D.) In June 2012, Plaintiffs applied for a second loan modification. (FAC ¶ 39.) In December 2012, the Notice of Trustee's Sale was recorded for an unpaid balance of $1,172,345.72 and January 1, 2013 date of sale at public auction was scheduled. (FAC Ex. F.)

Plaintiffs filed the Complaint on November 7, 2013 and the FAC on February 5, 2014 asserting the following claims against Defendants (unless otherwise noted): (1) fraud in loan origination; (2) fraud in loan servicing against Defendant SLS; (3) violation of California's Unfair Competition Law; (4) wrongful foreclosure; (5) negligence in loan origination; (6) negligence in loan servicing; (7) unjust enrichment; (8) intentional interference with prospective economic advantage against Defendant SLS; (9) negligent interference with prospective economic advantage against Defendant SLS; (10) failure to engage in loss mitigation; (11) reformation of a fraudulent contract and restitution; (12) quiet title; and (13) declaratory relief. (Docket No. 7.)

Defendants filed the current motion on February 19, 2014.

II.     Legal Standard

    A.     **Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 . Nor must the court "accept as true a legal conclusion couched as a factual allegation." Id. (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00031 JVS(JPRx) | Date | March 24, 2014 |
| Title | Gary Koller et al v. Specialized Loan Servicing, LLC et al | | |

Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

Though generally a Court may not consider information outside a complaint when deciding a motion to dismiss, a court may consider judicially noticeable facts. Taguinod v. World Sav. Bank, FSB, 755 F. Supp. 2d 1064, 1068 (C.D. Cal. 2010).

### B.     Heightened Standard of Federal Rule of Civil Procedure 9(b)

Under Fed. R. Civ. P. 9(b), a plaintiff must plead each element of a fraud claim with particularity, i.e., the plaintiff "must set forth more than the neutral facts necessary to identify the transaction." Cooper v. Pickett, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original) (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994)). A fraud claim must be accompanied by "the who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper, 137 F.3d at 627). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Statements of the time, place, and nature of the alleged fraudulent activities are sufficient, but mere conclusory allegations of fraud are not. Id. Furthermore, though allegations based on information and belief are usually insufficient, in circumstances of corporate fraud, this rule may be relaxed as to matters within the opposing party's knowledge. Id. "[M]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

### C.     Motion to Strike

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. A motion to strike is appropriate when a defense is insufficient as a matter of law. Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). The grounds for a motion to strike must appear on the face of the pleading under attack,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00031 JVS(JPRx) | Date | March 24, 2014 |
| Title | Gary Koller et al v. Specialized Loan Servicing, LLC et al | | |

or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

III.   Discussion

    **A.**   **Joinder**

A person whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if that person's absence may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19. "When seeking dismissal for nonjoinder of a necessary and indispensable party under Rules 12(b)(7) and 19, the moving party bears the burden of adducing evidence in support of the motion." Lopez v. Fed. Nat. Mortgage Ass'n, CV 13-04782 MMM AGRX, 2013 WL 7098634 at *5 (C.D. Cal. Oct. 8, 2013).

Plaintiff Gary Koller recorded a Grant Deed giving Exchange Finance LLC ("Exchange") a twenty percent interest in the Property. (RJN Ex. 8, 1.) However, Exchange transferred the interest in the Property back to Gary Koller "via quitclaim deed recorded on February 7, 2014." (Opp. at 3; RJN in Support of Opp. Ex. A, Docket No. 22.) Because Exchange no longer has an interest in the Property, Exchange is no longer an indispensable party. The court denies the motion to dismiss with respect to failure to join an indispensable party.

    **B.**   **Plaintiffs' Claims Fail on Independent Grounds**

However, Plaintiffs' claims all fail on independent grounds. The Court will consider each claim in turn.

        1.   Statute of Limitations (1st, 5th, and 11th claims)

Plaintiffs' fraud, negligence, and reformation claims are barred by the statute of limitations. Plaintiffs argue that while the statute of limitations for each claim is between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00031 JVS(JPRx) | Date | March 24, 2014 |
| Title | Gary Koller et al v. Specialized Loan Servicing, LLC et al | | |

two and four years, the delayed discovery entitles Plaintiffs to equitable tolling. (Opp. at 5-6.) In other words, the time does not start until the alleged wrongdoing was discovered. The statute of limitations for fraud in California is three years and time does not start until discovery of the fraud. Cal. Civ. Proc. Code § 338(d). Similarly, there is a two year statute of limitations on negligence. Cal. Civ. Proc. Code § 335.1, 339(1). Any fraud or negligence at origination happened in May 2007, six years before this case was filed in November 2013. (MTD at 3.)

The discovery rule delays the running of the statute of limitations until the plaintiff is aware of his injury and its negligent cause. That is, the statute of limitations begins to accrue "when the plaintiff suspects or should suspect that [the] injury was caused by wrongdoing, that someone has done something wrong . . . ." Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1110 (1988). In this context, the word "'wrong' being used, not in any technical sense, but rather in accordance with its 'lay understanding.'" Norgart v. Upjohn Co., 21 Cal. 4th 383, 397-98 (1999) (quoting Jolly, 44 Cal.3d at 1110.). Thus, the discovery rule "delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005).

"The question when a plaintiff actually discovered or reasonably should have discovered the facts for purposes of the delayed discovery rule is a question of fact unless the evidence can support only one reasonable conclusion." Ovando v. Cnty. of Los Angeles, 159 Cal. App. 4th 42, 61 (2008) (citing Jolly, 44 Cal. 3d at 1112); see also Ward v. Westinghouse Canada, Inc., 32 F.3d 1405, 1408 (9th Cir. 1994) ("Under California law, the question of when [the plaintiff] was on inquiry notice of potential wrongdoing is a factual question."). Here, Plaintiffs executed the Note and Deed of Trust containing all the details challenged in this action. (MTD at 4; RJN Ex. 1.) Plaintiffs allege that they were not aware of the fraud until after the monthly payments increased in 2011. (Opp. at 6.) However, the FAC actually alleges that after the monthly payments increased, Plaintiffs became concerned and contacted Defendant SLS to discuss loan modification. (FAC ¶ 33.) The FAC does not allege that Plaintiffs first discovered the alleged fraud or misrepresentation at any time after it occurred. Accordingly, the claims are time-barred and dismissed. Because these claims are dismissed for substantive reasons below, there is no need to replead defects in the allegation of delayed discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-00031 JVS(JPRx)                                              Date  March 24, 2014

Title  Gary Koller et al v. Specialized Loan Servicing, LLC et al

        2.        Liability for Loan Origination Claims (1st and 5th claims)

      While these claims are time-barred as described above, the Court will address them individually.  The moving Defendants argue, and the Court agrees, that Defendants cannot be held liable for conduct pertaining to the origination of Plaintiffs' mortgage.  (MTD at 3.)  Loan servicers cannot generally be liable for wrongdoing at the origination stage because they were not involved in the borrower's credit application nor in originating or issuing the loan.  See Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1050 (N.D. Cal. 2009) (dismissing many of the same claims brought here against loan servicers).  Plaintiffs have cited no cases disputing this proposition.  Even reading the FAC in the light most favorable to the Plaintiffs here, as the Court must at the pleading stage, the Plaintiffs have not stated a claim against the moving Defendants for wrongdoing at the loan's origination. Defendants substituted in as trustee and servicer years after the loan originated.  (FAC ¶ 4, Ex. A.)

      Alternatively, Plaintiffs argue that B.F. Saul only transferred the debt to escape liability and that Defendants knew of the alleged fraud at the time of purchase.  (Opp. at 4.)  Assuming the allegations against Defendant B.F. Saul regarding the purpose of the transfer of the loan, there is no allegation in the FAC that Defendants knew about, or participated in, the alleged fraud.  (FAC ¶ 14.)  Furthermore, Plaintiffs' argument, that remedies against B.F. Saul are not available, fails because B.F. Saul is a Defendant[1] in this case.  Therefore, the Court finds that Defendants cannot be held liable for fraud or negligence claims regarding the loan origination and dismisses the first and fifth claims with prejudice.

        3.        Fraud in Loan Services (2nd Claim)

      As the Court discussed above, this claim is time-barred.  However, the Court reviews this claim independently finding that it is insufficiently pled.

      "A plaintiff bringing a fraud action against a corporation must allege the 'names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'  Tarmann v.

---

[1] While B.F. Saul is not a moving party in this MTD, B.F. Saul did file a separate motion to dismiss. (Docket No. 13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00031 JVS(JPRx) | Date | March 24, 2014 |
| Title | Gary Koller et al v. Specialized Loan Servicing, LLC et al | | |

State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991)." Lucero v. Am. Home Mortgage, C 09-02879 CRB, 2011 WL 996659, at *2 (N.D. Cal. Mar. 21, 2011). Plaintiffs failed to adequately allege what actions Defendants took, to whom they spoke, their authority to speak, what they said, and when it was said. Instead, Plaintiffs claim that an exception to the heightened pleading requirement applies because Defendants possess the full information. However, this exception is inapplicable here because Defendants have "no more reason to know who made the allegedly false representations" to Plaintiffs than Plaintiffs. Tarmann, 2 Cal. App. 4th at 158.

Plaintiffs allege the fraud occurred when Defendant SLS represented that Plaintiffs needed to default on their loan in order to obtain a loan modification. (Opp. at 7.) Plaintiffs do not allege that they could have continued to make loan payments and avoid default. (FAC ¶¶ 60-69.) Because Plaintiffs were a party to the allegedly fraudulent conversations, they are equally able to know the who, what, where, and when as Defendant. As such, they are subject to the heightened pleading standard. Therefore, the claim for fraud is dismissed with prejudice.

       4.       Unfair Competition (3rd Claim)

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." An act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent. A claim pursuant to section 17200 is derivative and generally requires an underlying claim in order to be valid. See Castaneda v. Saxon Mortg. Servs., Inc., 687 F. Supp. 2d 1191, 1202 (E.D. Cal. 2009) (noting that section 17200 is generally derivative of some other illegal conduct or fraud committed by a defendant). Here, Plaintiffs' underlying claims for moving Defendants include fraud, negligence, and violations of the Homeowners Bill of Rights[2].

A claim under section 17200 is "derivative of some other illegal conduct or fraud committed by a defendant, and '[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation.'" See Benham v. Aurora Loan Servs., No. C–09–2059 SC, 2009 WL 2880232, at *4 (N.D. Cal. Sept.1, 2009). The

---

[2] If Plaintiffs can successfully amend the FAC to plead an underlying cause of action there could be a new claim under the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-00031 JVS(JPRx)                                      Date   March 24, 2014

Title   Gary Koller et al v. Specialized Loan Servicing, LLC et al

gravamen of the FAC is the origination of the May 2007 loan; the moving Defendants were not involved in that origination, and Plaintiffs fail to allege in a non-conclusory manner how the moving Defendants are liable for the lender's conduct at origination. Furthermore, Plaintiffs failed to allege a duty to support negligence or fraud with adequate specificity. Accordingly, this conduct cannot be the basis for a UCL claim against the moving Defendants and this claim is also dismissed with prejudice.

      5.      Wrongful Foreclosure (4th Claim)

Plaintiffs' claim for wrongful foreclosure challenges Defendants' interest in the Loan and is based on assignment of the Deed of Trust. (Opp. at 12; FAC ¶¶ 92-94.) Plaintiffs' claims largely challenge Defendants' interest in the Loan and the authority to initiate foreclosure. Defendants had a lien on the Property and the authority to foreclose. Plaintiffs ignore "well-established" California law "that non-judicial foreclosures can be commenced without producing the original promissory note." Nool v. Homeq Servicing, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009); Debrunner v. Deutsche Bank Nat'l Trust Co., 204 Cal. App. 4th 433, 440-41 (2012). Also, to the extent Plaintiffs challenge the "securitization"or "pooling" of the Loan[3], their claims fail for lack of standing.[4] See Bascos v. Fed. Home Loan Mortg. Corp., No. CV 11-3968-JFW (JCx), 2011 U.S. Dist. LEXIS 86248, at *18-19 (C.D. Cal. July 22, 2011) (dismissing a plaintiff's challenge to the securitization of his loan for lack of standing because he was not an investor of the loan trust); Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."). Here, Plaintiffs do not have standing to challenge the authority to foreclose based on a transfer of interest between third parties. Therefore, the claim for wrongful foreclosure fails and is dismissed with prejudice.

      6.      Negligence (6th and 9th Claims)

Generally, financial institutions do not owe a duty of care to a borrower "when the institution's involvement in the loan transaction does not exceed the scope of its

---

[3]Plaintiffs contend Defendants transfer of Plaintiff's Loan to the Trust is invalid because it occurred after the closing date of the Trust, in violation of the Pooling Services Agreement. (FAC ¶¶ 94-96.)

[4]Plaintiffs' argument that they have standing generally is insufficient. (Opp. 11-12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00031 JVS(JPRx) | Date | March 24, 2014 |
| Title | Gary Koller et al v. Specialized Loan Servicing, LLC et al | | |

conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089 (1991). A loan modification is so related to "the key functions of a money lender" as to not give rise to an enforceable duty of care to the borrower. Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 64 (2013); Deschaine v. IndyMac Mortg. Servs., 2013 U.S. Dist. LEXIS 163203, at *17-18 (E.D. Cal. Nov. 15, 2013) (noting that it is widely recognized that renegotiating the terms of a loan is "one of the key functions of a money lender"). Here, Plaintiffs fail to allege facts indicating Defendants' activities in the loan exceeded the conventional role of lender. Plaintiffs' negligence claims are based mostly on Plaintiffs mistaken view that Defendants owe a duty to borrowers to review borrowers for loan modifications. (Opp. at 14.) Accordingly, the Court dismisses the claims for negligence with prejudice.

       7.       Unjust Enrichment (7th Claim)

Plaintiffs' quasi-contract or unjust enrichment claim is based on the flawed theory that Defendants never had any interest in the Loan. (FAC. ¶¶ 114-118.) For reasons already given, this claim is dismissed with prejudice.

       8.       Intentional Interference (9th Claim)

To the extent that this claim is dependent upon Plaintiffs' claim that Defendants did not have the authority to foreclose, this claim fails for the reasons already discussed.

Additionally, the elements of intentional interference with prospective economic advantage include an economic relationship between Plaintiffs and some third party, with the probability of future economic benefit to Plaintiffs. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153-54 (2003). "[T]he law is clear that a party cannot interfere with its own contract." Lucero v. Am. Home Mortgage, C 09-02879 CRB, 2011 WL 996659 at *5 (N.D. Cal. Mar. 21, 2011) (citation omitted). The Court agrees that Plaintiffs have failed to allege any economic relationship between Plaintiffs and some third party. Plaintiffs also fail to allege that Defendants had knowledge of the economic relationship with a third party. Indeed, the FAC does not mention any third party relationship at all. Therefore, this claim is dismissed with prejudice.

       9.       Civil Code §2923.5 (10th Claim)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00031 JVS(JPRx) | Date | March 24, 2014 |
| Title | Gary Koller et al v. Specialized Loan Servicing, LLC et al | | |

      Procedurally, Plaintiffs claim that moving Defendants have not complied with the requirement in Cal. Civ. Code § 2923.5 that no notice of default be filed until 30 days after contact with the borrower is made or 30 days after the necessary due diligence is performed. California law makes clear that rights under § 2923.5 are exceedingly narrow, requiring only that a lender contact a borrower in person or by phone before filing a notice of default. See Mabry v. Superior Court, 185 Cal. App. 4th 208, 213-15 (2010). The remedy for noncompliance is merely the delay of a foreclosure sale, id., and in order to avoid conflict with federal law, the law is read narrowly and does not require extensive consultation or that a loan servicer actually provide a loan modification. Because the FAC makes clear that the Plaintiffs tried to contact Defendants by phone prior to the notice of default being filed, and spoke with Defendants' employees, Plaintiffs have failed to state a claim for the limited relief offered by § 2923.5. Moreover, Plaintiffs did receive a loan modification and were denied a second loan modification before the Notice of Default was recorded. Thus the Court will dismiss this claim with leave to amend, so that Plaintiffs may explain how moving Defendants' conduct failed to comply with the statute.

      10.     Reformation of a Fraudulent Contract and Restitution (11th Claim)

      Plaintiffs allege the loan agreement is unenforceable because it is unconscionable. (FAC ¶ 156.) In California, unconscionability has both a procedural and a substantive element. See Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000). The former addresses the manner in which the contract or the disputed clause was presented and negotiated, and focuses on "oppression" or "surprise" due to unequal bargaining power. Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev., 55 Cal. 4th 223, 246 (2012); Armendariz, 24 Cal. 4th at 114; Dotson v. Amgen, Inc., 181 Cal. App. 4th 975, 980 (2010). Substantive unconscionability, on the other hand, "focuses on the terms of the agreement and whether those terms are so one-sided as to shock the conscience ." See Soltani v. Western & Southern Life Ins. Co., 258 F.3d 1038, 1043 (9th Cir. 2001) (quotations omitted); see also Armendariz, 24 Cal. 4th at 114 (noting that substantive unconscionability is present if the contract terms are "overly harsh" or "one-sided"). While both procedural and substantive unconscionability are required to render a contract unenforceable, they need not be present in the same degree. Armendariz, 24 Cal.4th at 114. The more substantively oppressive the terms are, the less evidence of procedural unconscionability is required to find that the contract is unenforceable, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   SACV 14-00031 JVS(JPRx)                                      Date   March 24, 2014

Title   Gary Koller et al v. Specialized Loan Servicing, LLC et al

vice versa. Id. Whether a contract or provision is unconscionable is a question of law. Flores v. Transamerica HomeFirst, Inc., 93 Cal. App. 4th 846, 851 (2001).

The claims that the loan contract was unconscionable again go to loan origination. (FAC ¶ 157.) As explained above, claims regarding origination have not been sufficiently pled with regard to moving Defendants. Because Defendants were not involved in the loans origination, they could not have any level of procedural unconscionability. Plaintiffs have failed to adequately allege that the terms of the contract shock the conscience. Rather, Plaintiffs allege they were unable to make the required payments under the terms of the contract, and did not fully understand the loan agreement at the time of loan origination. This claim is dismissed with prejudice.

    11.    Quiet Title (12th Claim)

Defendants state that Plaintiffs cannot bring a claim for quiet title because they have failed to allege tender. To enjoin a future foreclosure, California law does not require tender of the full indebtedness, see Integan v. BAC Home Loans Servicing L.P., 214 Cal. App. 4th 1047, 1053-54 (2013), but the same equitable principles underlying the tender rule would seem to require a tender of at least the amount of arrearages, so that any equitable relief ordered by the Court in enjoining a future sale would not be in vain, see Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578-79 (1984). The failure to tender the full amount owed on the mortgage does doom the Plaintiffs' quiet title claim. See Solomon v. Aurora Loan Servs. L.L.C., No. CIV. 2:12-209 WBS KJN, 2012 WL 2577559, at *10 (E.D. Cal. July 3, 2012); Shimpones v. Stickney, 219 Cal. 637, 649 (1934). Here, Plaintiffs do not allege and tender in the amount of the arrearage, or the full amount of the mortgage. Plaintiffs do not even allege the ability to offer tender in either amount. Thus, the Court dismisses the quiet title claim with prejudice.

    12.    Declaratory Relief (13th Claim)

Plaintiffs request the Court find Defendants lacked any interest in the property. (FAC ¶¶ 171-181.) This cause of action does not entitle Plaintiffs to relief beyond what is requested in the substantive causes of action. Because the FAC fails to allege

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-00031 JVS(JPRx)                                    Date  March 24, 2014

Title     Gary Koller et al v. Specialized Loan Servicing, LLC et al

sufficiently any substantive claim, the Court dismisses the claim for declaratory relief with leave to amend if Plaintiffs are able to adequately plead a substantive claim.  See Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010).

      13.    Punitive Damages

"In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."  Cal. Civ. Code § 3294.  Here, Plaintiffs simply pray for punitive damages without providing the basis for the prayer.  (FAC Prayer for Relief ¶ 4.)  Plaintiffs' underlying claims are dismissed as described above because they are time-barred, not applicable to moving Defendants who were not a part of origination, or insufficiently pled in the FAC.  Therefore, the Court strikes Plaintiffs' prayer for punitive damages.

IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss and dismisses Plaintiffs' claims against moving Defendants with leave to replead the tenth and thirteenth claims within twenty days.

IT IS SO ORDERED.

|  | : | 03 |
|---|---|---|
| Initials of Preparer | kjt | |